STEPHANIE FORMAN, ESQ.; STATE BAR NO.: 195757
CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
ROGER W. BACKLAR, ESQ.; STATE BAR NO.: 225277
ERIC B. KUNKEL, ESQ.; STATE BAR NO. 150841

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
E-Mail: sforman@tharpe-howell.com
E-Mail: cmay@tharpe-howell.com
E-Mail: rbacklar@tharpe-howell.com
E-Mail: ekunkel@tharpe-howell.com

Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| JOHN BIRKE, an individual, <br><br>  Plaintiff, <br><br> v. <br><br> LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company; MARVIN R. ELLISON, an individual; LEVI (Last name unknown) an individual; and DOES 1-100, inclusive, <br><br>  Defendants. | Case No.: <br><br> [*Los Angeles County Superior Court Case No.: 20CHCV00510*] <br><br> **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)** |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §1332 and §1441(b), Defendant LOWE'S HOME CENTERS, LLC ("Lowe's"), contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court, Central District of California. The removal is based, specifically, on the following grounds:

## JURISDICTION AND VENUE ARE PROPER

1. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(b), 1391 and 1446.

## PLEADINGS, PROCESS AND ORDERS

3. On September 1, 2020, Plaintiff JOHN BIRKE ("Plaintiff") commenced the above-entitled civil action in the Superior Court for the County of Los Angeles by filing a Complaint therein entitled *John Birke v. Lowe's Home Centers, LLC, et al.*, Case No. 20CHCV00510. True and correct copies of the Summons and Complaint in this action are attached and incorporated herein by reference collectively as **Exhibit "A"**:

4. Attached hereto and incorporated herein by reference as **Exhibit "B"** are the following documents:

    a. Notice of Case Assignment—Unlimited Civil Case;
    b. Notice of Case Management Conference;
    c. Notice of Related Case;
    d. Alternative Dispute Resolution (ADR) Information Package;
    e. Notice re: Online Dispute Resolution;
    f. General Order Re Limited Jurisdiction Civil Procedures: Notice of Web Portal Availability for Interpreter Requests; and
    g. First Amended General Order.

5. On September 16, 2020, Counsel for Lowe's accepted service of the

Summons and Complaint (**Exhibit "A"**) and the documents included in **Exhibit "B,"** on behalf of Lowe's by executing and returning a Notice and Acknowledgment of Receipt. *Calif. Code Civ. Proc.* §§ 415.30, 417.10. Formal service on Lowe's was deemed complete on the date the Notice and Acknowledgment was executed and returned. A true and correct copy of this Notice and Acknowledgment of Receipt is attached hereto and incorporated herein as **Exhibit "C."**

6. On September 21, 2020, Lowe's corporate counsel in North Carolina accepted service of the Summons and Complaint (**Exhibit "A"**) and the documents included in **Exhibit "B,"** on behalf of defendant MARVIN R. ELLISON ("Ellison") by executing and returning a Notice and Acknowledgment of Receipt. *Calif. Code Civ. Proc.* §§ 415.30, 417.10. A true and correct copy of this Notice and Acknowledgment of Receipt is attached hereto and incorporated herein as **Exhibit "D."**

7. On or about September 22, 2020, Plaintiff purports to have affected service on Defendant "Levi (Last name unknown)," by substituted service at the West Hills Lowe's store. Defendant disputes that service was proper. Plaintiff purports to have served a copy of the Summons and Complaint (**Exhibit "A"**), and the documents included in **Exhibit "B,"** by leaving copies at the store and thereafter mailing copies to the store. Attached hereto as **Exhibit "E"** are true and correct copies of a Proof of Service and Declaration of Due Diligence Plaintiff's counsel provided to counsel for Lowe's.

8. Though never served on counsel for Lowe's, attached hereto as **Exhibit "F"** are true and correct copies of an Order on Court Fee Waiver (Superior Court), entered by the state court on or about September 2, 2020, and the Clerk's proof of mailing of said Order to counsel for Plaintiff.

9. The attached exhibits constitute all process, pleadings and orders served upon and by Defendant in this matter, or otherwise obtained by Defendant.

10. Pursuant to FRCP 81(c)(2)(C), Defendants will file their responsive pleadings in this Court within seven (7) days of filing this Notice of Removal.

- 3 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

# DIVERSITY

11. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b), as the action is between citizens of different states.

### A. Plaintiff John Birke is a Citizen of California.

12. Plaintiff JOHN BIRKE was, at the time of the filing of this action, and presently remains, domiciled in the State of California and is therefore a citizen of the State of California. See Complaint, **Exhibit "A"**, ¶ 5, page 3, lines 15-16, wherein Plaintiff alleges that at all relevant times he was a resident of the City and County of Los Angeles, California.

### B. Defendant Lowe's Home Centers, LLC, is a Citizen of North Carolina.

13. Defendant LOWE'S HOME CENTERS, LLC, is a limited liability company. The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). LOWE'S HOME CENTERS, LLC, is a manager-managed limited liability company with its only member being Lowe's Companies, Inc. Lowe's Companies, Inc. is a North Carolina corporation, incorporated in North Carolina and with its principal place of business in the State of North Carolina. Accordingly, LOWE'S HOME CENTERS, LLC, is a citizen of the State of North Carolina.

14. Defendant Lowe's will file a Motion to Dismiss pursuant to FRCP 12(b)(6) within seven (7) days of this removal.

///

///

- 4 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

**C.     Defendant Marvin R. Ellison is a Citizen of North Carolina.**

15.     Defendant MARVIN R. ELLISON was at the time of the filing of this action, and presently remains, domiciled in the State of North Carolina and is therefore a citizen of the State of North Carolina. See Complaint, **Exhibit "A"**, ¶ 7, page 3, line 26 to page 4, line 1, wherein Plaintiff alleges that at all relevant times MARVIN R. ELLISON was a resident of and domiciled in the State of North Carolina.

16.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), Defendant Ellison **consents** to this removal. **However, Defendant Ellison does not consent to personal jurisdiction in California and does not waive his right to challenge personal jurisdiction over him by any court sitting in California**. Ellison intends to file a Motion to Dismiss pursuant to FRCP 12(b)(2) and 12(b)(6) within seven (7) days of this removal.

**D.     Levi Renderos, sued as "LEVI (Last Name Unknown)," is a Sham Defendant, Fraudulently Joined, and His Citizenship may be Disregarded**

17.     Removing Defendant LOWE'S HOME CENTERS, LLC, alleges that named Defendant "LEVI (Last name unknown)" is a sham defendant fraudulently joined for the sole purpose of destroying diversity jurisdiction and his presence in the lawsuit should be ignored for purposes of diversity jurisdiction.

18.     Defendant has been able to ascertain that the individual described in Plaintiff's Complaint and sued as "LEVI ("Last name unknown)," is Levi Renderos (Renderos), a Lowe's Assistant Store Manager.

19.     Plaintiff alleges that this individual was the manager on duty at Lowe's at the time of the alleged incidents giving rise to this litigation. Plaintiff alleges that this individual is a resident, domiciliary, and citizen of the State of California. See Complaint, **Exhibit "A"**, ¶ 8, page 4, lines 4-9.

20.     Renderos is a sham defendant, fraudulently joined. It is well settled that a party cannot attempt to defeat diversity of citizenship jurisdiction by adding "sham"

defendants. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)); *TPS Utilicom Serv., Inc. v. AT&T Corp.*, 223 F.Supp.2d 1089, 1100-01 (C.D. Cal.2002). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris, supra*, 236 F.3d at 1067.

21.  Joinder of a defendant is a "sham" and is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. *Ritchey v. Upjohn Drug Co.*, 139 F3d 1313, 1318 (9th Cir. 1998); *McCabe, supra*, 811 F.2d at 1339. When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979); *McCabe*, 811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent"). If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion of any party…at any stage of the action and on such terms as are just." *Gasnik v. State Farm Ins. Co.*, 825 F.Supp.245, 248-49 (E.D. Cal. 1992).

22.  However, for purposes of a Notice of Removal, 28 U.S.C. § 1446(a) requires only that a party seeking to remove a civil action from a state court provide "a short and plain statement of the grounds for removal," including the basis of the Court's jurisdiction. *See, e.g., Dacosta v. Novartis Ag*, 180 F.Supp.2d 1178, 1182 (D. Or. 2001) [holding that a brief paragraph asserting that the non-diverse party was fraudulently joined and a brief description of why the complaint failed to state a colorable claim against him, was sufficient to assert the basis for removing defendant's contention of fraudulent joinder]; see also *Otani v. State Farm Fire & Cas. Co.,* 1997 U.S.App.LEXIS 16384, at *3-4 (9th Cir. 1997) [Short and plain statement invoking

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

fraudulent joinder as basis of jurisdiction in Notice of Removal sufficient].

23. Plaintiff's Complaint pleads causes of action for fraud, public nuisance, and negligence *per se* against Lowe's, its CEO Ellison, and "LEVI (Last name unknown)," subsequently identified as Renderos. However, Renderos cannot be held liable under any legal theory pled in the complaint.

24. Plaintiff's fraud cause of action is premised on the assertion that Defendant Lowe's, made representations that the health and safety of its customers was a priority [Complaint, **Exhibit A**, 2:16-19; 5:6-8; 6:4-7], and that it complied with "all recommendations regarding protecting its customers and employees from COVID-19" [Complaint, **Exhibit A**, 5:26-6:1]. Whether or not Plaintiff relied on these alleged representations when he entered the store, he has not pled, and cannot plead, any facts to show that Renderos, identified only as the "manager on duty," personally made these representations or that any representations of Lowe's can or should be attributed to Renderos for purposes of fraud liability. Thus, if alleged fraudulent representations of the entity cannot be attributed to Renderos personally, he cannot be liable for fraud. Moreover, the statements themselves are simply statements of aspirational goals, too vague to give rise to a fraud cause of action.

25. As to Plaintiff's public nuisance cause of action, it is premised on the claim that Lowe's created a public nuisance by allowing customers in its store without a mask. [Complaint, **Exhibit A**, 10:16-11:4.] However, this claim is premised on the assertion that Lowe's had a legal duty to enforce Governor Newsom's emergency mask order or any subsequent directives issued by executive agencies pursuant to that emergency order. Lowe's did not and neither did its employees. None of the orders in effect at the time of the incident on which Plaintiff relies compelled enforcement by private entities or their employees. Therefore, neither Lowe's nor its employees can be liable for a condition they had no legal duty prevent. Moreover, even if Lowe's had a duty to enforce such an order, it and its employees are immune from liability under California's Emergency Services Act.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

Further, in order to pursue a claim for public nuisance, Plaintiff must allege some condition <u>created by the defendant</u> that was "specially injurious" to himself.  In this case, the "special injury" he relies on was not the result of a condition created or allowed to exist by Lowe's or its employees. Rather, the "special injury" was the result of an alleged third-party intentional tort [Complaint, **Exhibit A**, 11:5-9] for which neither Lowe's nor its employees can be liable.  Nor is the mere presence of an unmasked individual itself actionable as a public nuisance. Lastly, Plaintiff has not and cannot plead any facts establishing that Lowe's employee Renderos may be held personally liable because an unmasked customer found his way into the store. Indeed, Plaintiff alleges that the issue was not even brought to Renderos' attention until 45 minutes after the subject incident.

26. Plaintiff's negligence *per se* cause of action is also premised on Lowe's alleged violation of emergency mask orders issued by the Governor and the Mayor of Los Angeles. As noted, Plaintiff has not and cannot show that the orders—the operative language of which Plaintiff fails to plead (thereby making this cause of action hopelessly vague and uncertain)—imposed any duty of enforcement on Lowe's or its employees.  As noted above, Lowe's and its employees are also immune from liability under California's Emergency Services Act based on a claim they failed to properly implement emergency orders. Nor is there any authority for the proposition that an emergency executive order—particularly one which imposed no affirmative enforcement duty on Lowe's or its employees—can be relied on to establish the duty element of a negligence cause of action. Moreover, the only *actionable* harm pled by plaintiff was the result of an alleged third-party intentional tort for which neither Lowe's nor its employee may be liable. Plaintiff suffered <u>no</u> actionable harm merely because an unmasked customer may have come into the store. The harm, if any, was caused by Plaintiff's decision to confront, berate, and pursue the customer, and the customer's own alleged unforeseeable reaction to Plaintiff's conduct. Moreover, Renderos as an assistant store manager does not make

Lowe's policy. Therefore, assuming the truth of Plaintiff's allegation that Lowe's directed its employees not to enforce the mask policy, Renderos cannot be personally liable. If on the other hand it was Lowe's policy to enforce a mask order, Renderos cannot be personally liable for another employee's negligence. Again, Plaintiffs' own allegations make clear that the alleged incident was not brought to Renderos' attention until 45 minutes after the incident.

27. Accordingly, Renderos cannot be liable to Plaintiff under any theory alleged in his Complaint, and is a sham defendant, fraudulently joined for the purposes of defeating diversity. Plaintiff's counsel has admitted as much. Plaintiff originally filed suit against Lowe's as the sole defendant on July 16, 2020, under Los Angeles County Superior Court Case No. 20CHCV00411. On August 18, 2020, Lowe's removed that matter to the United States District Court for the Central District under Case No. 2:20-cv-00746. The same day Lowe's filed its Notice of Removal in the original action, and immediately after counsel for Lowe's met and conferred with Plaintiff's counsel on the substance of its planned Rule 12(b)(6) motion, Plaintiff filed a Notice of Dismissal without prejudice. Plaintiff's counsel then advised counsel for Lowe's that he intended to file a new complaint in state court and would name nondiverse defendants in order to defeat diversity. See email dated August 20, 2020, a true and correct copy of which is attached as **Exhibit "G."**

28. Because Renderos is fraudulently joined in this action, his presence may be ignored for the purposes of establishing diversity jurisdiction. *Morris, supra*, 236 F.3d at 1067.

29. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Renderos **consents** to this removal. A Motion to Dismiss pursuant to FRCP 12(b)(6) will be filed on his behalf within seven (7) days of this removal. Renderos also reserves his right to challenge service pursuant to FRCP 12(b)(5).

///

///

- 9 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

E. **The Citizenship of Fictitious "Doe" Defendants may be Disregarded.**

30. Defendants DOES 1 to 100, inclusive, are wholly fictitious. The Complaint does not set forth the identity or status of any of said fictitious defendants. In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C §. 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the mere fact that the Complaint references fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

31. Complete diversity of citizenship exists as between Plaintiff and Defendants Lowe's and Ellison, and the presence of "LEVI" may be ignored.

## AMOUNT IN CONTROVERSY

32. Plaintiff's Complaint sets forth causes of action for fraud, public nuisance, and negligence *per se*. See **Exhibit "A"**. Plaintiff alleges that on June 28, 2020, he was a patron at Defendant's retail store. Plaintiff alleges that he instigated a confrontation with another customer who Plaintiff claims was not wearing a face mask, and that this unidentified third-party then allegedly spit in Plaintiff's face.

33. In his Prayer for Relief Plaintiff states that he is seeking "[a]n award of compensatory damages in an amount subject to proof, but in no event less than Twenty Million Dollars ($20,000,000). See **Exhibit "A"**, page 13, lines 12-14. Pursuant to 28 U.S.C. § 1332(a)(1), this is an action over which this Court would have original jurisdiction as an action between citizens of different states where the amount in controversy exceeds $75,000. Therefore, it is an action which may be removed by Lowe's, pursuant to 28 U.S.C. § 1441(a).

34. A defendant must merely set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. A defendant must establish jurisdiction by proving jurisdictional facts, i.e. proof of what the

plaintiff is seeking to recover. *McPhail v. Deere and Company*, 529 F.3d 947, 954-955 (10th Cir. 2008). "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); see also *McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

## TIMELINESS OF REMOVAL

35.   This Notice of Removal is timely filed in that it has been filed within thirty (30) days of service on Lowe's on September 16, 2020, of the Complaint which first indicated that the matter was removable. 28 U.S.C. §1446(b)(1). Further, the instant removal is made within one year of the filing of the Complaint. As noted above, Plaintiff filed his Complaint on September 1, 2020.

36.   For the foregoing reasons, this Court has original jurisdiction, removal is proper under 28 U.S.C. §§ 1332 and 1441(a) and (b), and removal is timely under 28 U.S.C. § 1446(b)(1).

Dated: October 8, 2020

THARPE & HOWELL, LLP

By:   */s/ Stephanie Forman*
STEPHANIE FORMAN
CHARLES D. MAY
ROGER W. BACKLAR
ERIC B. KUNKEL
Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

   **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| Michael R. Sohigian, Esq.<br>Law Offices of Michael R. Sohigian<br>9420 Wilshire Blvd., 2nd Floor<br>Beverly Hills, CA  90212-3169<br>Tel: 310.914.2492; 310.914.2484 – Fax<br>Email: MSohigian@mrslaw.net | Attorneys for Plaintiff, JOHN BIRKE, an individual |
|---|---|

5. a. ___ **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b. **X** **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

   (1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2) **X** placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

6. I served the documents by the means described in item 5 on *(date): see below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 10/08/2020 | Belinda A. Porras | *Belinda A. Porras* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\31000-000\31614\Pleadings\FEDERAL\Ntc. of Removal.docx