EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 09/01/2020 11:11 AM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Reyna, Deputy Clerk

Case 2:20-cv-09242-SVW-AGR Document 1 Filed 10/08/20 Page 2 of 17 Page ID #:15
20CHCV00510

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company; MARVIN R. ELLISON,
an individual; LEVI (Last name unknown) an individual; and DOES 1-100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOHN BIRKE, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* 9425 Penfield Ave. Chatsworth, CA 91311 | CASE NUMBER: *(Número del Caso):*<br>20CHCV00510 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael R. Sohigian, 9420 Wilshire Boulevard, Second Floor, Beverly Hills, California 90212-3169; (310) 914-2494

| DATE: August 31, 2020 09/01/2020 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by | S. Reyna | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*: LOWE'S HOME CENTERS, LLC

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Electronically FILED by Superior Court of California, County of Los Angeles on 09/01/2020 11:11 AM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Reyna,Deputy Clerk

Case 2:20-cv-09242-SVW-AGR   Document 1-1   Filed 10/08/20   Page 3 of 17   Page ID #:16

Assigned for all purposes to: Chatsworth Courthouse, Judicial Officer: Melvin Sandvig

1  Michael R. Sohigian (State Bar No. 15448)
LAW OFFICE OF MICHAEL R. SOHIGIAN
2  9420 Wilshire Boulevard, 2nd Floor
Beverly Hills, California 90212-3169
3  Telephone: (310) 914-2494
Telecopier: (310) 914-2484
4

5       Attorneys for Plaintiff, JOHN BIRKE

6

7

8             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9    **COUNTY OF LOS ANGELES, NORTH VALLEY – CHATSWORTH COURTHOUSE**

10  JOHN BIRKE, an individual;                    ) Case No.:
                                                   )
11                                                 )
              Plaintiff,                           )
12                                                 )  **COMPLAINT**
         vs.                                       )
13                                                 )  **(1)   FRAUD – INTENTIONAL**
                                                   )         **MISREPRESENTATION**
14  LOWE'S HOME CENTERS, LLC, a North              )  **(2)   PUBLIC NUISANCE**
15  Carolina limited liability company; MARVIN R.  )  **(3)   NEGLIGENCE**
    ELLISON, an individual; LEVI (Last name        )
16  unknown) an individual; and DOES 1-100,        )  **DEMAND FOR JURY TRIAL**
    inclusive,                                     )
17                                                 )
                                                   )
18            Defendants.                          )
                                                   )
19  _____        )

20

21       Plaintiff JOHN BIRKE ("BIRKE") complains and allege as follows:

22                          **INTRODUCTION**

23       1.      About June 28, 2020, BIRKE, wearing a face mask, entered a retail hardware and

24  home improvement store located at 8383 Topanga Canyon Boulevard, West Hills CA 91304 (the

25  "Store"), which BIRKE is informed and believes and on that basis alleges is owned and/or operated

26  by defendant, LOWE'S HOME CENTERS, LLC ("LOWE'S"). Once inside the Store, BIRKE saw

27  a male shopper who was not wearing a face covering, in violation of California Governor Newsom's
28

O:\60400\2001\pleading\complaint2(final).pld

executive order requiring face masks in all public places to protect the public health against the uncontrolled spread of SARS-CoV-2 (more commonly known as "COVID-19").

2.      BIRKE asked two LOWE'S employees to tell the man to comply with the law. Both LOWE'S employees rejected BIRKE'S requests. BIRKE, left no other recourse, told the man he was calling the police, which he did – although he was not able to reach them. In response to seeing BIRKE on his cell phone trying to report him, the man approached to within 2 feet of BIRKE, and spat in BIRKE's face four times in rapid succession. This attack occurred about 15 feet from a LOWE'S employee, who told the attacker, "You just spit in his face," yet did absolutely nothing. In fact, no LOWE'S employee so much as asked BIRKE if he was alright, in spite of the fact that an invitee of Defendants might have deliberately infected BIRKE with a disease that as of this date has caused more than 180,000 deaths in the United States. The primary means of its transmission is known to be airborne respiratory droplets expelled within 6 feet of another person, especially indoors.

3.      LOWE'S advertises to the public that "our customers' health is our priority during the COVID-19 virus," and it broadcast over the public address system at the Store that its customers' health and safety is its priority. The events of June 28th proved that was false. The true facts were that LOWE'S does less than nothing to protect its customers' health; in patent, indefensible violation of public health law, LOWE'S invites customers into its stores without masks, and allows them to continue shopping freely even if they refuse to put on a mask. And in this case, LOWE'S personnel allowed a mask refuser that was pointed out to them to be patently violating the law to roam as he pleased, and commit a possibly lethal battery, and certainly criminal assault, against BIRKE.

4.      When BIRKE reasonably relied on the statements of LOWE'S, and acted on his

reasonable expectation that LOWE'S complied with California law while making retail sales of hardware and home improvement items to invitees like BIRKE and his assailant, BIRKE could not possibly have known the true facts about Defendants' actual business practices at the Store. The scope of damages BIRKE suffered from the fraud of LOWE'S is unknowable right now. But those Defendants injured, and continue to injure, by flouting California law intended to protect public health during a pandemic are not limited to BIRKE; the injured include potentially thousands, if not tens of thousands, of people, beyond those who enter the Store and including also those that come in contact with Defendants' customers that have COVID-19 and, with Defendants' blessing, refuse to wear masks. That is why BIRKE sues not only for the fraud to which he fell victim, but to force Defendants to abate the public nuisance the Store represents, which is an ongoing health threat to the community.

### PARTIES

5.      BIRKE is and at all relevant times has been a resident of the City and County of Los Angeles, California.

6.      BRIKE is informed and believes and on that basis alleges LOWE'S is a limited liability company formed under the laws of the State of North Carolina, with its principal place of business in the state of California, and which does business under the name "Lowe's" and/or "Lowe's Home Improvement" in Los Angeles County, California. BIRKE is informed and believes and on that basis alleges LOWE'S is engaged in California in the business of owning and operating retail stores offering hardware and home improvement goods and services, including without limitation, the Store.

7.      BIRKE is informed and believes and on that basis alleges Defendant MARVIN R. ELLISON ("ELLISON") is and at all times relevant has been a resident of and domiciled in the

1  State of North Carolina. BIRKE is informed and believes and on that basis alleges that ELLISON is

2  and at all relevant times was the Chief Operating Officer (COO) and/or Chief Executive Officer

3  (CEO) of LOWE'S and an owner, shareholder and/or director of LOWE'S.

4        8.      BIRKE is informed and believes and on that basis alleges that Defendant Levi (Last

5  name not yet known; "LEVI") is and at all relevant times has been a resident, domiciliary and

6  citizen of the State of California, and resident of the County of Los Angeles. BIRKE is informed

7  and believes and on that basis alleges LEVI (a Latino or Hispanic male in his late 20s to early 30s,

8  bald, and clean shaven) was the manager on duty at the Store at the time of the incident described

9  below, and directed, authorized, supervised, and approved the conditions that obtained in the Store

10  at that time. BIRKE made an oral report of that incident to LEVI, who identified himself as the

11  manager, at the Store about 45 minutes after it occurred.

12        9.      BIRKE sues Defendants DOES 1 through 100 under fictitious names because

13  BIRKE does not currently know their true names or capacities. When he learns the true names and

14  capacities of any of those fictitiously named defendants, BIRKE will seek this Court's leave to

15  amend the Complaint accordingly. BIRKE is informed and believes and on that basis alleges that

16  DOES 1 through 100, and each of them, engaged in conduct or committed acts or omissions which

17  proximately caused or contributed to the damages and losses BIRKE has sustained and will sustain

18  as alleged here.

19        10.     BIRKE is informed and believes and on that basis alleges that at all relevant times

20  and in committing the acts and omissions complained of, each defendant, including DOES 1

21  through 100, was, as appropriate, the owner, officer, director, subsidiary, principal, servant,

22  representative, alter ego, partner, agent, or employee of each other defendant, and acted within such

23  capacity. BIRKE is further informed and believes and on that basis alleges that at all relevant times

O:\60400\2001\pleading\complaint2(final).pld

4

each defendant, including DOES 1 through 100, directed, ratified, approved, and/or affirmed each and every alleged act of any of them.

11.     Venue in this County is proper under Code of Civ. Proc. §395.5, since this is where LOWE'S incurred liability to BIRKE, and breached its legal obligations.

### FACTS

12.     Defendants advertise to the public that "our customers' safety is our priority" during the COVID-19 crisis, which as of the date of the events alleged here had caused the deaths of some 133,000 Americans (a number of deaths which has since gone past 180,000), and has now infected almost 6 million Americans. According to some experts, the number of actual COVID-19 cases could be from 5-20 times the official number.

13.     It is well established that COVID-19 is particularly dangerous and potentially lethal for certain groups of people, including people with respiratory illnesses. BIRKE is and has been a chronic asthmatic for over 56 years, and he has suffered permanent lung disfigurement as a result. His lung capacity is about 35% of normal. BIRKE does not and has never smoked.

14.     As of about June 18, 2020, by executive order of Governor Newsom, all California residents must wear a mask or face covering whenever they are in public indoors in any place of business open to the public. In his statement explaining the order, Governor Newsom stated, "We are seeing too many people with faces uncovered – putting at risk the real progress we have made in fighting the disease."

15.     On June 28, 2020 at about 11:55 a.m., BIRKE entered the Store to buy an elevated toilet seat for use by his 72-year old wife, who suffers from asthma and COPD and is a cancer survivor, and who was having hip replacement surgery the next day. BIRKE saw notices at the entrance that LOWE'S complied with all recommendations regarding protecting its customers and

O:\60400\2001\pleading\complaint2(final).pld

5

employees from COVID-19. In reliance on those notices, with the knowledge that the COVID-19 pandemic posed serious dangers to public health, and particularly to the health of BIRKE and his wife, BIRKE entered the Store.

16.     When he entered the Store, BIRKE heard a recording Defendants continuously broadcast over the Store's public address system that LOWE'S customers' health and safety is its priority. Once inside the Store, however, BIRKE learned the statement and recording were false.

17.     BIRKE noticed the maskless man that would attack him (a white male with an olive complexion, thick, wavy brown hair that appeared to be tied back in an uplifted pony tail, wearing a black t-shirt with a neon green graphic on it, black shorts, and tan flip flops) standing in an aisle BIRKE needed to go down. From about 40 feet away, BIRKE asked, "How did you get in here without a mask?" Initially, the man mumbled an unintelligible response. BIRKE then said, "You have to have a mask on in here," to which the man replied, "Fuck off, go do your fucking business." BIRKE responded, "You're violating California law," and said he would inform an employee. The man told BIRKE to "fucking stop bothering [him]," as he took out his cell phone and appeared to begin recording BIRKE.

18.     BIRKE then went toward the front of the Store to find an employee or manager of LOWE'S that would tell the man he had to put on a mask or leave. BIRKE approached two LOWE'S employees and told them about the man not having a mask; both refused to help BIRKE. BIRKE asked them to summon a manager but both employees rejected his request.

19.     At this point, the maskless shopper was walking all around the store, playing a cat and mouse game with BIRKE, who was trying in vain to find a LOWE'S employee to intercede while keeping an eye on the man's location from a distance.

20.     Almost immediately after BIRKE called 911, he encountered the man in an aisle

O:\60400\2001\pleading\complaint2(final).pld

**COMPLAINT; DEMAND FOR JURY TRIAL**

where the man walked to within about two feet of BIRKE and spat in BIRKE's face four times rapidly. This occurred in the presence of a LOWE'S employee and a customer looking at area rug samples.

21.     The man then turned to the LOWE'S employee and the customer and said, "This guy is bothering me because I don't have a mask." The LOWE'S employee replied, "Well, you just spit in his face." BIRKE confirmed with the employee, "you saw that," and BIRKE asked him to call the manager. The LOWE'S employee refused.

22.     The man then headed toward the exit at the front of the Store, stopping to tell customers and employees that BIRKE was "bothering" him because he was not wearing a mask. At one point, the man approached a male and female in the checkout line and spoke directly into their faces as the woman visibly recoiled.

23.     It appeared to BIRKE that someone gave the man a surgical mask, which he put on before proceeding to walk throughout the store again. BIRKE made further efforts to persuade a LOWE'S employee to call the police. The man again confronted BIRKE, and moved toward him threateningly, as BIRKE backed up several feet around an aisle corner with the attacker a few feet from him. BIRKE finally stood his ground and the man approached again to within a few feet. At that time, a Latino male employee of LOWE'S whose name tag read "Oscar" approached and BIRKE asked him to call the police, saying the man was threatening him again and had spat in his face. Oscar replied, "We're not allowed to call the police," and walked away, saying, "You guys need to move away from each other." Several minutes later, the man left the store, apparently without buying anything. BIRKE is informed and believes that Defendants, including LEVI, instructed the Store's employees to make no effort to persuade a maskless customer to put on a mask or leave the Store, and further instructed employees of LOWE'S not to call the police, even

1    when a customer was attacked on LOWE'S premises, as BIRKE was.

2         24.    BIRKE again asked Oscar to call the police, and Oscar refused. Oscar also refused

3    BIRKE's request to contact a manager, telling BIRKE he needed to leave the store. BIRKE said he

4    would not leave because he had called 911 and was waiting for police to arrive. BIRKE waited

5
     several minutes longer, then left to try to make a report at the nearby Topanga Station, which was
6
7    closed. BIRKE returned to the Store and after being directed to wait for about 15 minutes, was

8    finally called up to speak to LEVI. BIRKE told LEVI about the attack. BIRKE did not see LEVI

9    write or record anything BIRKE told him.

10        25.    On June 29, 2020, the day after the incident at the Store, BIRKE telephoned the
11
     corporate office of LOWE'S in North Carolina, and spoke to a man who identified himself as a
12
13   member of the in-house legal staff of LOWE'S. That attorney told BIRKE he had heard nothing

14   about the attack the day before, and he was aware of no report about it. BIRKE is informed and

15   believes, and on that basis alleges, that Defendants made no effort to identify the man that spat in
16
     BIRKE's face to determine whether he possibly infected other shoppers with whom he came in
17
18   close proximity, as BIRKE witnessed him do.

19        26.    Thus, far from treating the health of customers in the worst pandemic in 100 years as

20   a priority, Defendants showed such callous indifference that they made no record of an assault on a

21   customer at Defendants' premises that risked transmitting the virus.
22
                               **FIRST CAUSE OF ACTION**
23
                          **(FRAUD – Against all Defendants)**
24
25        27.    BIRKE incorporates all preceding paragraphs of this Complaint as through fully set

26   forth here.

27        28.    BIRKE entered the Store on June 28, 2020, in reasonable reliance on the written
28
     representations and recorded statements of LOWE'S that LOWE'S was taking all reasonable and

O:\60400\2001\pleading\complaint2(final).pld

**COMPLAINT; DEMAND FOR JURY TRIAL**

required precautions to protect its customers from transmission of COVID-19, and that LOWE'S was complying with all applicable laws and orders intended to protect public health in the pandemic.

29.     These written and recorded representations were false. The true facts, concealed from customers including BIRKE until they had entered the Store, were that Defendants, including LEVI, invited and encouraged shoppers to enter the Store without any face covering, and made no effort to ensure compliance with California's mask mandate even though it was and remains the most effective means of preventing transmission of the novel coronavirus in public settings. What is more, Defendants concealed the facts that: 1.) Defendants would take ***no steps*** to protect customers from potentially infected shoppers not wearing face coverings of any kind, leaving it entirely to concerned customers to protect themselves from exposure to COVID-19; 2.) Defendants would allow potentially infected shoppers not only to move freely about the Store and approach other customers closely, but even to attack other customers within the Store and possibly infect them; 3.) Defendants would refuse to act even after such an attack occurred; and, (4) Defendants would not even make a written report about the attack or about complaints of their violating California's mask mandate.

30.     Defendants knew at the time they made the representations that their customers' health was their "priority" that such representations were false, and that the true facts as stated above were not known and could not reasonably be known to their customers, including without limitation BIRKE.

31.     BIRKE is informed and believes, and on that basis alleges, Defendants made these false representations intending to induce customers, including without limitation BIRKE, to enter the Store and buy merchandise LOWE'S was selling for profit.

O:\60400\2001\pleading\complaint2(final).pld

9

32.     BIRKE neither knew nor had reason to know Defendants' representations were false, so he reasonably relied on those representations, and as a result was possibly deliberately infected by the attacker, who was at the Store at Defendants' invitation and instance, in violation of California law.

33.     In making the false representations identified above and concealing the true facts, Defendants acted with fraud, malice and oppression toward BIRKE, and in willful and reckless disregard of his rights, such that an award of punitive damages against each Defendant is warranted to deter and make examples of them.

## SECOND CAUSE OF ACTION

### (PUBLIC NUISANCE -- Against all Defendants)

34.     BIRKE incorporates all preceding paragraphs of this Complaint as through fully set forth here.

35.     During a nationwide pandemic of COVID-19, with case diagnoses spiraling out of control, Defendants operate and maintain a retail store open to the public while violating emergency orders that have the force and effect of state law. Defendants, including LEVI, invite, allow, and encourage members of the public to enter and move about the Store without the most essential protective device available to the public – a face mask or covering. Defendants know that any such customers eschewing face coverings might be symptomatic or asymptomatic carriers of COVID-19, with the potential to infect many times their number and contribute to the uncontrolled spread of the novel coronavirus, with staggering consequences to the public.

36.     The conditions Defendants create and maintain at the Store are unlawful, noxious, indecent, offensive – in fact, potentially lethal – to a reasonable person. Those conditions affect a

O:\60400\2001\pleading\complaint2(final).pld

10

substantial number of persons that might be exposed to COVID-19 by entering the Store as a direct and proximate result of the conditions at the Store created and maintained by Defendants. BIRKE is informed and believes, and on that basis alleges, that Defendants, and each of them, have maintained such a nuisance at the Store continuously since April 2020.

37.     The conditions described above are also specially and particularly injurious to BIRKE, who was assaulted and battered in Defendants' store in a way that significantly increased his likelihood of contracting COVID-19 on top of the unreasonable risk of exposure to which Defendants subjected him and all members of the public. Such conditions as exist at the Store are also injurious to others whom BIRKE might expose, including without limitation BIRKE's wife and daughter.

38.     BIRKE gave no consent, express or implied, to the conditions created and maintained by Defendants.

39.     Defendants have, without privilege or excuse, created, allowed, and continue to allow these conditions despite knowledge that they occur, and despite having the ability to abate the conditions.

40.     Defendants' continuing failure and refusal to take reasonable steps to abate the conditions described above is a breach of their duty to the public to maintain the Store in a reasonably safe and healthful condition in compliance with all applicable health laws.

41.     BIRKE is entitled to a permanent injunction requiring Defendants to take all immediate measures necessary to abate the nuisance conditions described above.

42.     In bringing this lawsuit on behalf of the public and to protect and vindicate the rights of many persons to abate a public nuisance, BIRKE is entitled to an award of his reasonable attorney fees if he prevails under the Private Attorney General Act (Code of Civ. Proc. §1021.5).

43.     Defendants have acted with malice and oppression toward BIRKE, and in willful and reckless disregard of his rights, such that an award of punitive damages against each Defendant is warranted to deter and make examples of them.

O:\60400\2001\pleading\complaint2(final).pld

11

**THIRD CAUSE OF ACTION**

**(NEGLIGENCE PER SE – Against all Defendants)**

44.    BIRKE incorporates all preceding paragraphs of this Complaint as through fully set forth here.

45.    On June 28, 2020, when BIRKE went to the Store in West Hills, there were published and announced public health Executive Orders issued by Governor Newsom on June 22, 2020, and earlier by Los Angeles Mayor Eric Garcetti, which required the wearing of masks or face coverings in public, without exception for privately owned businesses open to the public. These orders have the force and effect of law, and they were designed to protect all persons in California by stemming the uncontrolled spread of the novel coronavirus where outdoor social distancing was not feasible.

46.    Defendants, including LEVI, knowingly and willfully violated these laws by inviting and allowing shoppers to enter and patronize the Store whether or not they wore masks or face coverings. Defendants took and take no steps to ensure compliance within the Store. In fact, Defendants take the side of violators within their stores against shoppers such as BIRKE who reasonably expect Defendants to comply with California's public health laws.

47.    Defendants' violation of these public health laws was a substantial factor in leading to the harm BIRKE suffered at the hands of the maskless shopper that spat in his face, thereby dramatically increasing BIRKE's and other members of the public's risk of contracting COVID-19 and transmitting it to others. This is exactly the type of harm the law Defendants violated was designed to prevent, and the spitting attack on BIRKE was a foreseeable result of Defendants' refusal to comply with the law, leaving it to members of the public inside the Store to defend themselves from maskless shoppers whose infection status they would have no way of knowing.

48.    As a member of the public living and shopping in Los Angeles, California, BIRKE

O:\60400\2001\pleading\complaint2(final).pld

12

was one of the class of persons the emergency public health orders were designed and intended to protect.

49.     There was no legitimate justification for Defendants' deliberate violation of the law; the only justification was the desire of Defendants, and each of them, to make money by catering and deferring to potential customers that refused to wear masks in public.

50.     Defendants' negligence actually and proximately caused harm to BIRKE in an amount not yet ascertained, but within the jurisdiction of this Court, and not more than $20,000,000.

WHEREFORE, BIRKE requests the following judgment and relief:

**ON THE FIRST CAUSE OF ACTION:**

A.     An award of compensatory damages in an amount subject to proof, but in no event less than Twenty Million Dollars ($20,000,000);

B.     An award of exemplary or punitive damages in an amount sufficient to deter and make an example of Defendants, according to proof.

**ON THE SECOND CAUSE OF ACTION:**

C.     For preliminary and permanent injunctions against Defendants' continued creation and maintenance of the nuisance conditions described above at any and all of their stores at which such conditions are present;

D.     An award of exemplary or punitive damages in an amount sufficient to deter and make an example of Defendants, according to proof;

E.     For an award of reasonable attorney fees and other costs incurred in prosecuting this action under the Private Attorney General Act (Code of Civ. Proc. §1021.5).

**ON THE THIRD CAUSE OF ACTION**:

O:\60400\2001\pleading\complaint2(final).pld

F.     An award of general damages in an amount subject to proof, but in no event more than Twenty Million Dollars ($20,000,000);

**ON ALL CAUSES OF ACTION:**

G.     Costs of suit incurred in this action;

H.     Such other and further relief as the facts and claims adduced at trial support; and,

I.     Any and all other relief as the court deems just and proper.

Dated:   August 31, 2020                    LAW OFFICE OF MICHAEL R. SOHIGIAN

Michael
Sohigian

Digitally signed by Michael
Sohigian
DN: cn=Michael Sohigian, o=Law
Office of Michael R. Sohigian, ou,
email=msohigian@mrslaw.net,
c=US
Date: 2020.08.31 17:39:27 -07'00'

By: _____
        Michael R. Sohigian
        Attorneys for Plaintiff,
        JOHN BIRKE

O:\60400\2001\pleading\complaint2(final).pld

14

**COMPLAINT; DEMAND FOR JURY TRIAL**

1

**DEMAND FOR JURY TRIAL**

2        Plaintiff JOHN BIRKE hereby demands a trial by jury of his First and Third Causes of

3   Action.

4

5   Dated:   August 31, 2020         LAW OFFICE OF MICHAEL R. SOHIGIAN

6

7                               Michael Sohigian

By: _____

8                            Michael R. Sohigian

9                            Attorneys for Plaintiff,

                                 JOHN BIRKE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

O:\60400\2001\pleading\complaint2(final).pld

**COMPLAINT; DEMAND FOR JURY TRIAL**