STEPHANIE FORMAN, ESQ.; STATE BAR NO.: 195757
CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
ROGER W. BACKLAR, ESQ.; STATE BAR NO.: 225277
ERIC B. KUNKEL, ESQ.; STATE BAR NO. 150841

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
E-Mail: sforman@tharpe-howell.com
E-Mail: cmay@tharpe-howell.com
E-Mail: rbacklar@tharpe-howell.com
E-Mail: ekunkel@tharpe-howell.com

Attorneys for Defendants, LOWE'S HOME CENTERS, LLC, MARVIN R. ELLISON and LEVI RENDEROS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JOHN BIRKE, an individual,<br><br>              Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company, d.b.a. LOWE'S; DOES 1-100, inclusive,<br><br>              Defendants. | Case No.: 2:20-cv-09242 (SVW (AGRx)<br>[Assigned to District Judge Stephen V. Wilson; Magistrate Judge Alicia G. Rosenberg]<br><br>[*Los Angeles County Superior Court Case No.: 20CHCV00510*]<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT LOWE'S HOME CENTERS, LLC, TO DISMISS COMPLAINT PURSUANT TO RULES 12(B)(6), 12(D) OF THE FEDERAL RULES OF CIVIL PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date:       November 16, 2020**<br>**Time:       1:30 p.m.**<br>**Crtrm:      10A**<br><br>**[Declarations of Stephanie Forman and Robert Cuevas, Request for Judicial Notice, Notice of Lodging of Digital Video Evidence and Appendix of Exhibits served and filed concurrently herewith]** |

- 1 -

**MOTION BY LOWE'S TO DISMISS COMPLAINT UNDER FRCP 12(B)(6) , 12(D)**
Case No.: 2:20-cv-09242

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on November 16, 2020, at 1:30 p.m. in Courtroom 10A of the above-entitled Court, defendant LOWE'S HOME CENTERS, LLC, ("Lowe's") will move this Court for an order dismissing the complaint by plaintiff JOHN BIRKE ("Birke") pursuant to Rules 12(b)(6) and 12(d) of the Federal Rules of Civil Procedure, on the ground that plaintiff's causes of action for fraud, public nuisance, and negligence *per se* fail to state claims upon which relief can be granted.

This motion is made following efforts of defense counsel to conduct the conference of counsel required by Local Rule 7-3, beginning on October 8, 2020, in order to meet and confer regarding the issues raised by this motion in advance of filing. Pursuant to *Federal Rule of Civil Procedure* 81(c)(2)(C), defendant is required to file his responsive pleading no later than October 15, 2020, seven days after removal.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declarations of Stephanie Forman and Robert Cuevas, Request for Judicial Notice, Notice of Lodging of Digital Video Evidence and Appendix of Exhibits served and filed concurrently herewith, all pleadings, papers and records on file herein, any opposition hereto, any reply papers submitted in support hereof, and any evidence and oral argument presented at the time of hearing.

Dated:  October 14, 2020                    THARPE & HOWELL, LLP

                                  By:    _____/s/ Stephanie Forman_____
                                         STEPHANIE FORMAN
                                         CHARLES D. MAY
                                         ROGER W. BACKLAR
                                         ERIC B. KUNKEL
                                         Attorneys for Defendant, LOWE'S
                                         HOME CENTERS, LLC,
                                         MARVIN R. ELLISON
                                         and LEVI RENDEROS

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**MOTION BY LOWE'S TO DISMISS COMPLAINT UNDER FRCP 12(B)(6) , 12(D)**
Case No.: 2:20-cv-09242

**TABLE OF CONTENTS**

**Page(s)**

I.    INTRODUCTION ................................................................................ 1

II.   FACTUAL ALLEGATIONS OF THE COMPLAINT ........................... 2

    A.    Allegations Relating to the Incident ...................................... 2

    B.    Allegations in Support of Birke's First Cause of Action for Fraud ........ 3

    C.    Allegations in Support of Birke's Cause of Action for Public Nuisance .................................................................................. 4

    D.    Allegations in Support of Birke's Cause of Action for Negligence *Per Se.* ...................................................................................... 4

III.  AUTHORITY AND LEGAL STANDARD ........................................ 4

IV.  ARGUMENT ...................................................................................... 5

    A.    The Order Birke Relies on Does Not Call Upon Lowe's to Enforce It. ................................................................................... 5

    B.    Nonetheless, had the Emergency Order Pressed Lowe's into Service to Enforce its Requirements, Lowe's would be Immune from Liability. ........................................................................... 6

        1.    The Order Birke Relies on Was Promulgated and Issued Pursuant to the California Emergency Services Act. ................... 6

        2.    The CESA Confers Immunity on Both the Government *and* Private Persons Impressed into Service Due to an Emergency. ................................................................................ 7

            a.    The CESA Immunizes the Government from Liability for Acts or Omissions Relating to the Quelling of an Emergency. .................................... 7

            b.    That Same Immunity Is Extended to a Private Person Called Upon to Carry Out Measures Intended to Quell an Emergency. ............................................... 9

            c.    It Follows Lowe's Is Immune from Civil Liability for any Damages Plaintiff Claims. .................................. 10

            d.    Immunity Is Compelled by Other Considerations. .......... 12

    C.    the Same Reasons Birke Cannot Base His Claims on the Order of the County Department of Public Health. ............................... 12

    D.    Lowe's Is Not Liable for Harm Caused by the Intentional Acts of Third Parties Absent Notice Such Harm Was Likely to Occur. ........... 13

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

i

**TABLE OF CONTENTS**: (continued)                                                    Page(s)

1.    The Harm Birke Claims Resulted from Intentional Acts by a Third Party and Therefore Invokes the Analysis Applicable to Such Acts. ............................................. 13

2.    Whether One Is Liable for Wrongful Acts by Third Parties Turns on Whether It Has Reasonable Cause to Anticipate Them. .............................................................. 13

3.    Lowe's Had No Reasonable Cause to Anticipate the Act in Question, Nor Birke's Behavior in Provoking It. ...................... 15

E.   Birke's Fails to State a Cause of Action for Fraud. ............................. 15

1.    Birke has not and cannot Allege Facts Showing a Causal Connection Between his Alleged Reliance and the Harm he Claims. ......................................................... 15

2.    Birke Fails to Allege any Misrepresentations of *Fact* and any Justifiable Reliance on Them. ................................. 17

      a.    Birke Must Allege a Specific Statement of *Fact* to Be Able to Justifiably Rely on It. ................................. 17

      b.    Further, Whether There Was Justifiable Reliance May Be Decided as a Matter of Law, and Requires a Consideration of the Plaintiff's Knowledge, Education and Experience. ................................. 17

      c.    Lowe's Announcement That Customer Health and Safety Was a Priority Is Not Actionable, Especially in Light of Birke's Membership in the California Bar. ................................................. 18

      d.    The Claim Lowe's Posted Signs Stating It Complied with All "Recommendations" to Protect Its Customers and Employees Is Likewise Not Actionable ........................................ 19

3.    Given These Defects, Birke's Claim for Punitive Damages Also Fails. ........................................................ 20

F.   Birke's Claim for Public Nuisance Fails to State a Cause of Action. .................................................................... 20

1.    Plaintiff has not Pled the Existence of an Actionable Nuisance. ......................................................... 21

2.    A Plaintiff Must Allege a Special Injury, and Birke Has Not Done So. ....................................................... 22

3.    Birke's Claims for Attorney's Fees and Punitive Damages Also Fail. ......................................................... 23

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**MOTION BY LOWE'S TO DISMISS COMPLAINT UNDER FRCP 12(B)(6) , 12(D)**
Case No.: 2:20-cv-09242

**<u>TABLE OF CONTENTS</u>: (continued)** **<u>Page(s)</u>**

G.    Birke's Claim for Negligence *Per Se* Fails to State a Cause of Action. ................................................................................23

V.    CONCLUSION ...........................................................................25

**THARPE & HOWELL, LLP**
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**MOTION BY LOWE'S TO DISMISS COMPLAINT UNDER FRCP 12(B)(6) , 12(D)**
Case No.: 2:20-cv-09242

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

## Cases

4

*City of Arcadia v. U.S. Envt'l. Prot. Agency*, 411 F.3d 1103 (9th Cir.
2005).................................................................................................................5

5

*Alliance Mortgage Co. v. Rothwell*
6     10 Cal.4th 1226 (1995).................................................................................17

7     *Ambriz v. Kelegian*
      146 Cal.App.4th 1519 (2007)......................................................................13

8

*Anderson Union High Sch. Dist. v. Shasta Secondary Home Sch.,* 4
9     Cal.App.5th 262 (2016)..................................................................................9

10    *Ann M. v. Pac. Plaza Shopping Center*
      6 Cal.4th 666 (1993).....................................................................................14

11

*Ballistereri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1988)............5
12

*Beck Dev. Co. v. S. Pac. Trans. Co.,*
13    44 Cal.App.4th 1160 (1996)........................................................................21

14    *Beckwith v. Dahl*
      205 Cal.App.4th 1039 (2012)......................................................................15

15

*Birke v. Oakwood Worldwide,* 169 Cal.App.4th 1540 (2009) ..................22
16

*Brown v. Mortensen*
17    51 Cal.4th 1052, 1057 (2011)......................................................................12

18    *Daniels-Hall v. Nat'l Educ. Ass'n*
      629 F.3d 992 (9th Cir. 2010).........................................................................6

19

*Duarte v. Zachariah*
20    22 Cal.App.4th 1652 (1994)........................................................................25

21    *Elsner v. Uveges*
      34 Cal.4th 915 (2004)...................................................................................23

22

*Forney v. Hopkins*
23    2009 U.S. Dist. LEXIS 145863 (D. Mont. Mar. 26, 2009).........................16

24    *Gentry v. eBay, Inc.*
      99 Cal.App.4th 816 (2002)..........................................................................16

25

*Gentry v. eBay, Inc.*
26    99 Cal.App.4th at 835..................................................................................17

27    *Goehring v. Chapman Univ.* 121 Cal.App.4th 353 (2004) ........................15

28

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

iv

1

**TABLE OF AUTHORITIES:** (continued)                                    Page(s)

2

*Guido v. Koopman*
   1 Cal.App.4th 837 (1991) ................................................................... 17

3

4

*Hasso v. Hapke*
   227 Cal.App.4th 107 (2014) ............................................................... 17

5

*Herbert v. Regents of Univ. of Cal.*
   26 Cal.App.4th 782 (1994) ................................................................. 24

6

7

*Hutcherson v. Alexander*
   264 Cal.App.2d 126 (1968) ................................................................ 20

8

*Jazzabi v. Allstate Ins Co.*
   278 F.3d 979, 982 (9th Cir. 2002) ....................................................... 5

9

10

*Joyce v. Ford Motor Co.*
   198 Cal.App.4th 1478 (2011) ............................................................... 9

11

*Kempton v. City of Los Angeles*
   165 Cal.App.4th 1344 (2008) ............................................................. 22

12

13

*Kentucky Fried Chicken of Cal., Inc. v. Superior Court*, 14 Cal.4th 814
   (1997) ................................................................................................. 14

14

*Kerins v. Hartley*
   27 Cal.App.4th 1062 (1994) ............................................................... 24

15

16

*Kizer v. Co. of San Mateo*
   53 Cal.3d 139 (1991) ..................................................................20, 22

17

*LaBadie v. State of Cal.*
   208 Cal.App.3d 1366 (1989) ............................................................... 8

18

19

*Lim v. The TV Corp. Int'l*
   99 Cal.App.4th 684 (2002) ...........................................................16, 19

20

*Lind v. San Luis Obispo*
   109 Cal. 340 (1895) .......................................................................... 22

21

22

*Macy's Cal., Inc. v. Superior Court*
   41 Cal.App.4th 744 (1995) ................................................................. 24

23

*Morley v. Walker*
   175 F.3d 756 (9th Cir. 1999) .............................................................. 5

24

*Mother Cobb's Chicken Turnovers v. Fox*
   10 Cal.2d 203 (1937) ........................................................................ 20

25

26

*People ex rel. Busch v. Projection Room Theater*
   17 Cal.3d 42 (1976) .......................................................................... 21

27

*Philipson & Simon v. Gulsvig,* 154 Cal.App.4th 347 (2007) ...........................15, 16

28

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**TABLE OF AUTHORITIES: (continued)** <u>Page(s)</u>

*Potter v. Firestone Tire & Rubber Co.*
6 Cal.4th 965 (1993) ..................................................................24

*Quigley v. Garden Valley Fire Prot. Dist.,*
7 Cal.5th 798 (2019) ...................................................................5

*Quiroz v. Seventh Ave. Center,* 140 Cal.App.4th 1256 (2006) ...................23

*Reid v. Google, Inc.*
50 Cal.4th 512 (2010) .................................................................14

*Robinson Helicopter Co. v. Dana Corp.*
34 Cal.4th 979 (2004) .................................................................15

*Rochlis v. Walt Disney Co.*
19 Cal.App.4thh 201 (1993) .........................................................16

*Swedberg v. Marotzke*
339 F.3d 1139 (9th Cir. 2003) .......................................................5

*Thousand Trails, Inc. v. Cal. Reclamation Dist. No. 17,* 124 Cal.App.4th
450 (2004) ...........................................................................8, 11

*Toland v. Sunland Housing Group, Inc.*
18 Cal.4th 253 (1998) .................................................................24

*Turner v. Anheuser-Busch, Inc.*
7 Cal.4th 1238 (1994) .................................................................17

*Wilson v. Houston Funeral Home*
42 Cal.App.4th 1124 (1996) .........................................................17

*Xechem v. Bristol-Myers Squibb Co.*
372 F.3d 899 (7th Cir. 2004) .........................................................5

**<u>Statutes</u>**

*Cal. Civil Code* § 3294 ..................................................................20

*Cal. Civil Code* § 3479 ..................................................................20

*Cal. Civil Code* § 3493 ..................................................................21

*Cal. Civil Code* § 1710 ..................................................................16

*Cal. Civil Code* § 51 .....................................................................12

*Cal. Code of Civil Procedure* § 1021.5 ............................................22

*Cal. Government Code* § 11342.600 ................................................24

*Cal. Government Code* § 8572 ..........................................................9

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**MOTION BY LOWE'S TO DISMISS COMPLAINT UNDER FRCP 12(B)(6) , 12(D)**
Case No.: 2:20-cv-09242

**TABLE OF AUTHORITIES:** (continued)                                                    <u>Page(s)</u>

*Cal. Government Code § 8655* ............................................................................7

*Cal. Government Code § 8657(a)* .....................................................................9, 10

*Cal. Government Code §§ 8550 et seq.* ...............................................................6

*Cal. Government Code §§ 8555-8557* .................................................................9

*Cal. Evidence Code § 230* ...............................................................................23

*Cal. Evidence Code § 669* ...............................................................................23

*Cal. Evidence Code § 669(a)* ..........................................................................23

*Cal. Evidence. Code § 669(a)(3)* ....................................................................23

*Federal Rules of Evidence § 801(d)(2)* ............................................................16

<u>Treatises</u>

BALLENTINE'S LAW DICTIONARY (Lexis-Nexis 2010) ................................................9

RESTATEMENT (SECOND) OF TORTS § 538A .......................................................17

**THARPE & HOWELL, LLP**
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**MOTION BY LOWE'S TO DISMISS COMPLAINT UNDER FRCP 12(B)(6) , 12(D)**
Case No.: 2:20-cv-09242

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In this opportunistic lawsuit for fraud, public nuisance and negligence *per se* spawned by the COVID-19 pandemic and the alleged failure to properly combat it, plaintiff John Birke runs afoul of a host of barriers precluding him from ever recovering relief.

Birke's complaint wrongly asserts Lowe's violated executive orders by allowing a customer in the store without a face covering, despite the fact the executive orders in effect imposed no duty on Lowe's to enforce them. Moreover, Birke ignores the fact that Lowe's is immune from liability in this case. That immunity, passed by the Legislature 50 years ago when it empowered the Governor to declare a state of emergency, was deliberately intended to shelter persons like Lowe's in their attempts to carry out or comply with such emergency orders issued by the State.  In addition, the harm claimed by Birke springs not from Lowe's alleged violation of any emergency order, but from the intentional act of a third party and therefore will not support liability.  Lowe's had no legal duty to prevent the conduct in question.

Further, Birke's claims for fraud, public nuisance and negligence *per se* fail of their own accord.  Birke does not allege he suffered any actual damage, and the representations alleged are too vague, general and indefinite to be actionable. Moreover, Birke does not allege any injury to himself arising from the alleged nuisance different in kind from that suffered by the public.  The alleged harm was instead the result of a third-party intentional tort and therefore did not arise from either Birke's reliance on any representation by Lowe's or the alleged public nuisance of allowing an unmasked customer in the store.  Lastly, Birke's claim for negligence *per se* fails for want of any identified law to define the duty owed, and because he can neither rely on executive orders to support it, nor make the showing required to recover for fear of contracting COVID-19.  The Court should therefore dismiss Birke's suit.

///

**MOTION BY LOWE'S TO DISMISS COMPLAINT UNDER FRCP 12(B)(6) , 12(D)**
Case No.: 2:20-cv-09242

## II.   FACTUAL ALLEGATIONS OF THE COMPLAINT

### A.   Allegations Relating to the Incident

Birke premises his suit on an incident which occurred on June 28, 2020, in the Lowe's store on Topanga Canyon Boulevard in West Hills.  Forman Dec. ("FOR."), Ex. A, 1:22-27.  Birke claims he encountered an unidentified male customer not wearing a face covering, in "violation" of Governor Newsom's executive order.  *Id.,* Ex. A, 1:26-2:2.  He alleges the Governor issued an executive order on June 18, 2020, requiring residents to wear a mask inside a business open to the public.  *Id.,* 5:17-23.

According to Birke, the unknown customer was standing in an aisle Birke intended to walk through.  Rather than avoid the man, Birke confronted him, asking: "How did you get in here without a mask?"  *Id.,* 6:8-13.  Birke continued to harangue him, declaring: "You have to have a mask on in here."  *Id.,* 6:13-14.  When the other customer rebuked him, Birke, a licensed attorney, pressed on, lecturing him that he was "violating California law," and that he would inform an employee.  *Id.,* 6:14-16.[1]

Instead of continuing with his shopping, Birke went to the front of the store to find an employee who would force the other customer to don a mask or leave.  *Id.,* 6:19-20.  He claims he approached two employees and asked them to call a manager, but they did not.  *Id.,* 6:20-23.  Rather than take a different path to his destination, wait for the other customer to leave the area, or simply leave the store, Birke continued his quest to bring the other customer to heel by looking for another employee to intercede, all the "while keeping an eye on the … [other customer's] location."  *Id.,* 6:24-27.

His shopping long since abandoned, and allegedly finding no employee to intercede, Birke called 911.  *Id.,* 6:20.  "Almost immediately" afterward, he "encountered the [other customer] in an aisle."  *Id.,* 6:27.  Birke asserts the man walked to within approximately two feet of him and spat in his face.  *Id.,* 7:1-2.  The man

---

[1] In addition to being an attorney himself, Birke is a plaintiff well known to the courts in this State.  FOR., 2:24-3:3.  He has filed at least 12 lawsuits and was himself declared a nuisance in one of them.  *Id.,* Ex. B.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

allegedly turned to a Lowe's employee and complained Birke was bothering him. *Id.,* 7:4-6. Birke claims this employee refused to call a manager. *Id.,* 7:6-8. Birke admits the other customer then headed toward an exit, and that he continued to pursue him, as he is able to describe specific actions the other customer thereafter took and the fact he put on a mask at one point. *Id.,* 7:9-17.

The unknown customer then allegedly "confronted" Birke again. *Id.,* 7:16-19. When a Lowe's employee approached, Birke asked him to call the police. *Id.,* 7:19-23. The employee supposedly told Birke he was not allowed to call the police and advised the two they needed to move away from each other. *Id.,* 7:22-24. "Several minutes later, the … [other customer] left the store …." *Id.,* 7:24. Despite that fact, Birke again asked the employee to call the police and refused to leave until the police to arrived. *Id.,* 8:2-5. After waiting a few more minutes, Birke left for a nearby police station to make a report. *Id.,* 8:4-6. However, it was closed. *Id.,* 8:5-7.[2]

**B.     Allegations in Support of Birke's First Cause of Action for Fraud**

Birke alleges "LOWE'S advertises to the public that '… [its] customers' health is … [its] priority during the COVID-19 virus," and "broadcast over the public address system at the Store that its customers' health and safety is its priority." *Id.,* 2:16-19; 5:6-8; 6:4-7. He claims he relied on that "misrepresentation," but it proved to be false because Lowe's did not enforce the Mask Order. *Id.,* 8:27-9:10. He asserts that Lowe's personnel allowed a person allegedly "violating the law to roam as he pleased," and to commit a possibly lethal assault and battery against him. *Id.,* 2:23-27.

Birke alleges he "saw notices at the entrance that LOWE'S complied with all recommendations regarding protecting its customers and employees from COVID-19." *Id.,* 5:26-6:1. He claims he entered the store in reliance on them, given his

---

[2] The video evidence does not support Birke's allegations. It shows it was Birke who confronted the other customer and stalked him throughout the store, and that he was in the store for the better part of an hour. FOR., 3:4-15. Lowe's furnishes the Court with the video to assist the Court with its evaluation of Lowe's motion and that of the other defendants. (See Notice of Lodging of Digital Evidence and CDROM submitted therewith). As noted, the Court is empowered to consider it under Rule 12(d).

knowledge of the COVID-19 pandemic and its dangers. *Id.,* 6:1-3. In the latter respect, he asserts he is an asthmatic with diminished lung capacity. *Id.,* 5:14-17. He alleges the notices were false and he relied on them to his detriment. *Id.,* 9:4-10:5.

### C. Allegations in Support of Birke's Cause of Action for Public Nuisance

Birke asserts the actions of Lowe's in allowing an individual to enter its store without a face covering, despite knowledge members of the public might have the COVID-19 virus, created a noxious condition amounting to a public nuisance. *Id.,* 10:16-11:4. He alleges that condition was specially injurious to him because he was "assaulted and battered in … [Lowe's] store in a way that significantly increased his likelihood of contracting COVID-19 …." *Id.,* 11:5-9. He further alleges Lowe's has failed to take reasonable steps to abate the condition at its premises, and avers he is entitled to a permanent injunction requiring Lowe's do so. *Id.,* 11:17-21.

### D. Allegations in Support of Birke's Cause of Action for Negligence *Per Se.*

Birke relies on "public health Executive Orders issued by Governor Newsom on June 22, 2020, and earlier by Los Angeles Mayor Eric Garcetti" which allegedly required the wearing of masks in public without exception, to posit a claim for negligence *per se*. *Id.,* 12:6-9. He claims the "orders" have the force and effect of law and were "designed to protect all persons in California by stemming the uncontrolled spread of the novel coronavirus." *Id.,* 12:10-13. He alleges Lowe's violated the "laws" by not enforcing these orders *Id.,* 12:13-17. He further alleges he was within the class of persons intended to be protected by the "laws" and that the harm he suffered is the kind of harm they were intended to prevent. *Id.,* 12:23-13:2.

## III. AUTHORITY AND LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss may be brought on the ground that a complaint fails to state a claim upon which relief can be granted. It provides a mechanism for dismissing a claim for want of a cognizable theory, or where

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

insufficient facts are pled.  *See Ballistereri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  Ordinarily, a motion to dismiss pursuant to Rule 12(b)(6) cannot be used to raise an affirmative defense.  *Xechem v. Bristol-Myers Squibb Co.,* 372 F.3d 899, 901 (7th Cir. 2004). However, when the plaintiff has included allegations in the complaint that disclose some absolute defense or bar to recovery, a motion to dismiss is appropriate.  *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013). Statutory immunity is just such an affirmative defense under the substantive law of California. *See Quigley v. Garden Valley Fire Prot. Dist.,* 7 Cal.5th 798, 809-10, 815 (2019). Since state law affirmative defenses constitute substantive law in a suit in diversity, *Jazzabi v. Allstate Ins Co.,* 278 F.3d 979, 982, 982, fn.7 (9th Cir. 2002), a party may raise a defense of immunity arising under state law in a motion to dismiss.  *Morley v. Walker,* 175 F.3d 756, 759 (9th Cir. 1999).

Further, Rule 12(d) provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  FED. R. CIV. P. 12(d).  In that event, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*  Rule 12(d) thus furnishes the Court with discretion to consider matter outside the complaint in ruling on this motion, and if it does so, the motion is converted to one for summary judgment under Rule 56. *See, e.g., Swedberg v. Marotzke,* 339 F.3d 1139, 1146 (9th Cir. 2003).

## IV. ARGUMENT

### A. Lowe's Had no Duty to Enforce the Order Birke Relies

Birke's complaint is predicated on Gov. Newsom's executive order of June 18, 2020.  FOR., Ex. A, 1:27-2:2; 5:17-23.  Birke alleges that order requires all California residents to wear a face covering whenever they are inside a building open to the public, including a business, and seeks to hold Lowe's liable for failing to enforce that order.  *Id.*  All Plaintiff's theories of liability are rooted in Lowe's alleged failure to enforce the order in question.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

The executive order Birke was issued by the California Department of Public Health ("CDPH"), on June 18, 2020.  It is entitled "Guidance for the Use of Face Coverings" ("Mask Order").  FOR., Ex. C.  The Court may not only consider the Mask Order in ruling on this motion given Birke refers to it in his complaint and necessarily relies on it, the Court may treat the Mask Order as part of the complaint and "assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010).

The Mask Order requires "People in California" to wear a mask when inside a public building, subject to certain exceptions.  *Id.*  However, it contains *no* language directing *retailers or businesses* like Lowe's to enforce that requirement.  *Id.*  In other words, it places the obligation of compliance on individuals. The Mask Order offers nothing more than "guidance" to individual people on when they must wear a mask and is silent as to any "guidance" on enforcement by private entities.[3]

## B.  Nonetheless, had the Emergency Order Pressed Lowe's into Service to Enforce its Requirements, Lowe's would be Immune from Liability.

Nonetheless, assuming Lowe's—a private person under the law—was pressed into service by the State to enforce the Mask Order, it would be immune from suit for any liability in carrying out, complying with, or attempting to comply with the order.

## 1.  The Order Birke Relies on Was Promulgated and Issued Pursuant to the California Emergency Services Act.

The California Emergency Services Act ("CESA"), *Cal. Gov't Code* §§ 8550 *et seq.,* arms the Governor with the power to proclaim a state of emergency, *id.* at § 8625, and gives him not only "complete authority over all agencies of the state government" during a state of emergency, but also "the right to exercise within the area designated all police power vested in the state by the Constitution and laws of the State of

---

[3] Lowe's nonetheless faithfully followed CDC guidelines by placing signs in its stores and passed a health inspection just days after the incident.  FOR., 3:12-15.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

California in order to effectuate the purposes of … [the Act]." *Id.* at § 8627.  It also requires him to "promulgate, issue, and enforce such orders and regulations as he deems necessary, in accordance with the provisions of Section 8567[,]" *id.,* and provides they "shall have the force and effect of law." *Id.* at § 8567.

Under those powers, the Governor proclaimed a state of emergency resulting from the COVID-19 pandemic, and thereafter issued executive orders, including N-25-20, N-33-20 and N-60-20.[4]  FOR., Exs. D-G.  The Governor ordered all California residents to "heed any orders and guidance" public health officials may issue regarding the COVID-19 pandemic, including those the Governor ordered the Department of Public Health to develop.  *Id.,* Exs. E-G.  He also empowered the State Public Health Officer "to take any action she deems necessary to protect public health."  *Id.,* Ex. G.  The Mask Order was consequently promulgated by the Department of Public Health pursuant to the Governor's powers under the CESA.

### 2. The CESA Confers Immunity on Both the Government *and* Private Persons Impressed into Service Due to an Emergency.

#### a. The CESA Immunizes the Government from Liability for Acts or Omissions Relating to the Quelling of an Emergency.

As for the immunity conferred on the government, the CESA provides:

> The state or its political subdivisions shall not be liable for any claim based upon the *exercise or performance, or the failure to exercise or perform,* a discretionary function or duty on the part of a state or local agency or any employee of the state or its political subdivisions in carrying out the provisions of this chapter.

*Cal. Gov't Code* § 8655 [Emphasis Added].

---

[4] The state of emergency was proclaimed on March 4, 2020, and executive orders N-25-20, N-33-20 and N-60-20 were issued on March 12, 2020, March 19, 2020 and May 4, 2020 respectively. *Id.,* Exs. D-G.  The Governor cited sections 8627 and 8567 in executive orders N-33-20 and N-60-20 as authority, and section 8567 in executive order N-25-20 as authority.  *Id.*

**MOTION BY LOWE'S TO DISMISS COMPLAINT UNDER FRCP 12(B)(6) , 12(D)**
Case No.: 2:20-cv-09242

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

As one court explained, "[t]he purpose of the … [statute conferring immunity] is self-explanatory." *Thousand Trails, Inc. v. Cal. Reclamation Dist. No. 17,* 124 Cal.App.4th 450, 458 (2004). "In situations in which the state must take steps necessary to quell an emergency, it must be able to act with speed and confidence, unhampered by fear of tort liability." *Id.* "A state of emergency imposes severe time constraints, forcing decisions to be made quickly and often without sufficient time to carefully analyze all potential repercussions." *Id.* "[T]he immunity granted … is *broad* and specifically extended to encompass not only discretionary actions, but also the *performance of or failure* to perform those discretionary actions." *Id.*

In *LaBadie v. State of Cal.,* 208 Cal.App.3d 1366 (1989), the court addressed a suit brought after a state of emergency was proclaimed in response to an infestation of the Mediterranean fruit fly. *Id.* at 1367-68. When mechanical difficulties prevented the State from completing the spraying of malathion according to its original schedule, *id.* at 1369, the State decided to continue to spray after that date, prompting the plaintiff to sue the State for negligent misrepresentation on the ground it misrepresented when the spraying would be completed. *Id.* at 1368.

The court found the State immune from suit. It observed the mechanical difficulties meant "[a] decision had to be made whether to continue to spray[,]" *id.,* and that determination, as well as "[w]hether there was time to fully inform the public or other state information services … [,] [were] policy level decisions." *Id.* It reasoned "the acts complained of … were in the exercise or performance of, or the failure to perform, a discretionary function and were part of the *myriad decisions* regarding the implementation of the program … for which there [wa]s governmental immunity …." *Id.* [Emphasis added; internal quotations omitted]. The State thus could not be held civilly liable for continuing to spray, nor for deciding to *not* continue to spray.

///

///

///

**MOTION BY LOWE'S TO DISMISS COMPLAINT UNDER FRCP 12(B)(6) , 12(D)**
Case No.: 2:20-cv-09242

### b. That Same Immunity Is Extended to a Private Person Called Upon to Carry Out Measures Intended to Quell an Emergency.

Pursuant to Section 8657, persons "duly impressed into service" during a state of emergency "shall have the *same degree* of responsibility for their actions and enjoy the *same* immunities as officers and employees of the state …," whether in "carrying out, complying with, or attempting to comply with, any order or regulation issued or promulgated pursuant to the … [CESA]." *Cal. Gov't Code* § 8657(a). In the latter respect, the Governor is empowered to "utilize any private property or *personnel* deemed by him necessary in carrying out the responsibilities … vested in him as Chief Executive of the state …." *Cal. Gov't Code* § 8572 [Emphasis Added].

For immunity to attach to a private person, there need only be a state of emergency proclaimed and a showing that person was "duly impressed into service." *Id.* at § 8657(a). As noted, a state of emergency was proclaimed. FOR., Ex. D. Assuming, as Birke claims, the Mask Order charged Lowe's with enforcing it, the question is whether Lowe's was "duly impressed into service."

The phrase duly impressed into service" is not defined in the CESA. *See Cal. Gov't Code* §§ 8555-8557. The plain and ordinary meaning of the terms "duly" and "impressed" therefore control. *Anderson Union High Sch. Dist. v. Shasta Secondary Home Sch.,* 4 Cal.App.5th 262, 278 (2016). To ascertain the plain meaning of terms used in a statute, courts often look to dictionaries, as they reflect such meaning. *Joyce v. Ford Motor Co.,* 198 Cal.App.4th 1478, 1491 (2011). The term "duly" "has acquired a fixed legal meaning, and when used before any word implying action … means that the act was done properly, regularly and according to law." BALLENTINE'S LAW DICTIONARY (Lexis-Nexis 2010). *See also* merriam-webster.com/dictionary/duly ("duly" means "in a due manner or time; properly.") The term "impressed" means "to levy or take by force for public service," or "to procure or enlist by forcible persuasion." merriam-webster.com/dictionary/impress.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

The phrase "duly impressed into service" therefore means properly and legally called upon and required to render service.  Given the Mask Order was issued pursuant to the Governor's powers under the CESA, any persons called upon to enforce it were properly and legally called upon to render service.  As a result, assuming, as alleged by plaintiff, Lowe's was required to enforce the Mask Order, it was required to render that service pursuant to the CESA and the Governor's powers under that Act.

> **c.** **It Follows Lowe's Is Immune from Civil Liability for any Damages Plaintiff Claims.**

If Lowe's was duly impressed into service by the emergency Mask Order (i.e., charged with enforcing it), *any* action or failure to act by Lowe's in carrying out, complying with or attempting to comply cannot give rise to civil liability.  *Cal. Gov't Code* § 8657(a).  Thus, actions taken by Lowe's to encourage customers to comply with the order, and decisions made by Lowe's as to when and how to enforce the order in the absence of specific guidance from the state, cannot subject it to liability.

Directly apt here, the Mask Order expressly exempts certain individuals from wearing masks.  FOR., Ex. C.  That includes "persons with a medical condition, mental health condition, or disability that prevents [the] wearing of a face covering."  *Id.*  Thus, a retailer like Lowe's is "carrying out, complying with or attempting to comply with" the Mask Order by *not* insisting every person in its store wear a mask.  Indeed, were Lowe's to insist every person wear a mask, including persons having a medical or mental health condition, it would be *violating* the Mask Order.  The exercise of discretion to not insist a customer wear a mask (precisely because he or she may very well have a medical condition, mental health condition or disability excusing him or her from not wearing a mask that cannot be readily discerned), is therefore the very type of action sheltered from liability.  Directly apropos that point, the "COVID-19 INDUSTRY GUIDANCE: Retail" issued by the CDPH on July 2, 2020, provides:

> Businesses that are open to the public should be cognizant of the *exemptions* to wearing face coverings in the CDPH Face Covering Guidance and *may not exclude any member of the public for not wearing*

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

*a face covering if that person is complying with the guidance.* Businesses will need to *develop policies for handling these exemptions* among customers, clients, visitors, and worker.

FOR., Ex. H [Emphasis Added].

That "guidance" confirms retailers may *not* exclude all persons not wearing masks if those persons are otherwise abiding by the rules.

Moreover, in noting businesses will need to "develop policies" for handling the exemptions, it directly imbues them with the discretion intended to fall within the immunity provision.   As noted, the immunity is intended to prevent either the government or one pressed into service from being put in the impossible position of being second-guessed for decisions made under emergent circumstances.  *Thousand Trails, Inc.,* 124 Cal.App.4th at 458.  It is therefore deliberately broad, and covers "not only discretionary actions, but also the performance of or failure to perform those discretionary actions." *Id.*   As in *LaBadie,* decisions as to whether to require a mask or give a customer the benefit of the doubt, including by not asking whether he or she is exempt, are part of the "myriad decisions" which must be made in responding to something like the Mask Order.  They accordingly trigger the immunity provision.

### d.    Immunity Is Compelled by Other Considerations.

Retail employees are neither able nor qualified to discern whether a person has a medical condition, mental health condition, or disability excusing him or her from wearing a mask. They cannot be expected to assess whether a person not wearing a mask is truly exempt under the Mask Order.  There is therefore no point in having them ask customers without a mask whether they are in fact exempt.  The customer could simply respond in the affirmative, and the employee would be powerless to gainsay him or her.  Further, as noted, the Mask Order does not require retailers to enforce it.  It instead places the burden on members of the public to police themselves, undoubtedly because of the difficulty inherent in enforcement, including the assessment of which persons are exempt.

Equally important, were retailers to attempt to verify compliance by asking, they

- 11 -

**MOTION BY LOWE'S TO DISMISS COMPLAINT UNDER FRCP 12(B)(6) , 12(D)**

would invade the customer's privacy, as he or she would be asked to reveal sensitive information not only to the questioner, but also anyone else within earshot. *See, e.g., Brown v. Mortensen,* 51 Cal.4th 1052, 1057, 1066 (2011) (recognizing "[i]ndividuals … have a substantial interest in the privacy of their medical information" and noting the protections extended under both state and federal law, including HIPAA). Retailers like Lowe's could therefore risk liability on that basis were they to employ those measures.  Excluding a customer for not wearing a face covering could also violate the Americans with Disabilities Act and the Unruh Act (*Cal. Civil Code* § 51).

Finally, retail workers have found themselves on the front lines of a battle over masks which has proved not only dangerous, but fatal.  In an article published on July 26, 2020, dailywire.com noted several examples of the harm which reportedly ensued from attempting enforcement, and that national retailers Walmart and Home Depot will not insist customers wear masks for that very reason.  FOR., Ex. I.  "[A] Starbucks barista in California was allegedly punched in the face for asking [a] customer to put a mask on …, a New York man allegedly assaulted a manager and bartender after being asked to put on a face mask… [and] [a] security guard at a Family Dollar store in Michigan was **shot dead** in May after he told a customer to wear a mask."  *Id.*  Exs. J, K.  A Target employee in Van Nuys suffered a broken arm in a fight with two men after attempting to enforce the mask policy.  *Id.,* Ex. L.

Given the immunity under the CESA and the foregoing considerations, a retailer cannot be properly charged with civil liability for not insisting every customer wear a mask, nor for not compelling employees to endanger themselves by enforcing the Mask Order.  The CDC in fact recently issued "Guidance" advising employees should *not* attempt enforcement due to the dangers noted.  *Id.,* Ex. T.

## C.  For the Same Reasons Birke Cannot Base His Claims on the Order of the County Department of Public Health.

Nor can Birke predicate his claims on the order issued by the Los Angeles County Department of Public Health ("LACDPH") on May 13, 2020.  While that order

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 12 -

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

imposes requirements on businesses regarding the use of masks by customers, FOR., Ex. M, it expressly provides it was issued to comply with State Executive Order N-33-20, as well as "subsequent State Executive Orders including but not limited to N-60-20." *Id.* Further, the LACDPH issued orders on June 26, 2020 and July 17, 2020, recognizing *exemptions* from the requirement to wear a mask.  FOR., Exs. N, O.

> **D.** **Lowe's Is Not Liable for Harm Caused by the Intentional Acts of Third Parties Absent Notice Such Harm Was Likely to Occur.**
>
> > **1.** **The Harm Birke Claims Resulted from Intentional Acts by a Third Party and Therefore Invokes the Analysis Applicable to Such Acts.**

Birke pleads a count of "fraud" premised on Lowe's alleged representations customer health was a priority and that it complied with recommendations regarding the health of employees and customers, a count of "public nuisance" premised on the claim that allowing unmasked customers (basically just the one) created a health risk to the public, and a count of negligence *per se* premised on Lowe's alleged violation of Mask Order. However, the predicate "harm" he claims in each case—a customer allegedly spitting on him and "potentially" exposing him to COVID-19—has nothing to do with his reliance on Lowe's representations or that fact that it may have allowed an unmasked customer in the store.  It was instead the result of an intentional tort by a third party, following Birke's decision to confront that person and pursue him throughout the store. FOR., Ex. A, 2:3-8.  Birke's claims therefore invoke the analysis applied to any wrongful act by a third party which causes harm.

> > **2.** **Whether One Is Liable for Wrongful Acts by Third Parties Turns on Whether It Has Reasonable Cause to Anticipate Them.**

Whether one in possession of premises owes a duty to prevent harm is a question of law for the court. *Ambriz v. Kelegian,* 146 Cal.App.4th 1519, 1533 (2007). "Courts have determined that an actor has no legal duty to avoid harm that is not foreseeable."

**MOTION BY LOWE'S TO DISMISS COMPLAINT UNDER FRCP 12(B)(6) , 12(D)**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

*Id.* (citing *Ann M. v. Pac. Plaza Shopping Center,* 6 Cal.4th 666, 674 (1993)), overruled in part on other grounds in *Reid v. Google, Inc.,* 50 Cal.4th 512, 521 (2010)). "The duty of a proprietor of a business establishment to business invitees generally includes a 'duty to take affirmative action to control the wrongful acts of third persons [that] threaten invitees where the occupant has reasonable cause to anticipate such acts and the probability of injury resulting therefrom.'" *Id.* (citing *Kentucky Fried Chicken of Cal., Inc. v. Superior Court*, 14 Cal.4th 814, 819 (1997)).

The foreseeable "harm" of allowing an unmasked customer into the store is the threat of contracting COVID-19 from unintentional exposure to airborne particles (indeed, that is the harm the emergency Mask Order is intended to prevent and on which plaintiff's causes of action are premised). What Birke asks this court to conclude, however, is that not enforcing a mask mandate gives rise to a foreseeable risk that one customer may *intentionally* spit on another. Birke has not alleged facts which would have made that harm foreseeable so as to impose a duty on Lowe's.

### 3. Lowe's Had No Reasonable Cause to Anticipate the Act in Question, Nor Birke's Behavior in Provoking It.

Here, Lowe's had no reason to anticipate another customer would intentionally spit in Birke's face. Moreover, the absurdity of Birke's claim is evident. A finding the incident here was foreseeable would mean Lowe's was obliged to foresee that *any* customer not wearing a mask was reasonably likely to deliberately spit on another customer. Such a finding necessarily implies a conclusion that the purpose of requiring customers to wear masks is not to prevent *accidental* transmission of a virus, but instead to prevent an intentional tort. *That* is the only way to connect the dots between causes of action premised on the fact the unknown customer was not wearing a mask, and the actual harm Birke claims. Foreseeability would mean that when Lowe's allowed the customer in without a mask, a reasonable retailer would have foreseen everything that then ensued (which was precipitated by Birke's own conduct).

**E.      Birke's Fails to State a Cause of Action for Fraud.**

Apart from the impediments already noted, Birke's claim for fraud fails of its own accord.  "The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co. v. Dana Corp.,* 34 Cal.4th 979, 990 (2004).

**1.      Birke has not and cannot Allege Facts Showing a Causal Connection Between his Alleged Reliance and the Harm he Claims.**

"Misrepresentation, even maliciously committed, does not support a cause of action unless the plaintiff suffered consequential damages."  *Beckwith v. Dahl,* 205 Cal.App.4th 1039, 1064 (2012).   Moreover, "[w]hatever form it takes, the injury or damage must not only be distinctly alleged but *its causal connection with the reliance on the representations must be shown*."  *Goehring v. Chapman Univ.,* 121 Cal.App.4th 353, 364 (2004) [Emphasis added]. "[T]o be actionable, harm must constitute something more than nominal damages, speculative harm, or the threat of future harm … not yet realized[.]" *Philipson & Simon v. Gulsvig,* 154 Cal.App.4th 347, 364 (2007).  Where, for example, a plaintiff alleges *possible* exposure to harm, rather than actual exposure, a cause of action for fraud cannot be maintained. *Id.* The problem for Birke is the mere *possibility* of contracting COVID-19 does not involve *actual* harm but instead the speculative threat of future harm.  On the other hand, the only non-speculative harm he suffered—allegedly being spit on—is too remote from any conduct on Lowe's part to be actionable.

In his cause of action for fraud, Birke alleges that, as a result of his professed reliance on Lowe's "representations," he was *"possibly* deliberately infected by the attacker …." FOR., Ex. A, 10:2-4 [Emphasis Added]. However, he has admitted he

///

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**MOTION BY LOWE'S TO DISMISS COMPLAINT UNDER FRCP 12(B)(6) , 12(D)**
Case No.: 2:20-cv-09242

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

was **not** infected with the COVID-19 virus.[5]   To recover, Birke must allege he suffered actual harm, not a mere speculative possibility of "future harm … not yet realized." *Philipson & Simon v. Gulsvig, supra,* 154 Cal.App.4th at 364.  He has not done so.

In that regard, Birke must show a legally cognizable connection between his reliance on Lowe's representations, and the simple battery of being spit.  Assuming for the sake of argument Lowe's statements were actionable misrepresentations, its tortious act was complete when it allowed a customer into the store without a mask.  But that act was not the legal cause of *any* non-speculative harm to plaintiff.  To get from that act to any actual harm caused by independent third-party conduct is a tortured and circuitous journey requiring the conclusion that, by allowing a customer in without a mask, Lowe's was the legal cause of Birke being spit on.  That chain of causation is too attenuated and remote to support Birke's claim.

### 2. Birke Fails to Allege any Misrepresentations of *Fact* and any Justifiable Reliance on Them.

#### a. Birke Must Allege a Specific Statement of *Fact* to Be Able to Justifiably Rely on It.

Birke must allege a specific misrepresentation of *fact,* and that he *justifiably* relied on it to prevail.  *See Cal. Civil Code* § 1710; *Lim v. The TV Corp. Int'l,* 99 Cal.App.4th 684, 694 (2002).  Statements which are too vague or general to constitute a specific misrepresentation of fact are incapable of inducing justifiable reliance, and accordingly cannot support a claim for fraud.  *See id.; Gentry v. eBay, Inc.,* 99 Cal.App.4th 816, 835 (2002); *Rochlis v. Walt Disney Co.,* 19 Cal.App.4thh 201, 216 (1993), disapproved on other grounds in *Turner v. Anheuser-Busch, Inc.,* 7 Cal.4th

---

[5] In an article published by the Charlotte Observer on July 23, 2020, the newspaper reported Birke stated "his COVID-19 test results came back negative."  FOR., Ex. P.  While the article does not reflect a statement under oath, an admission by a party to a lawsuit is not hearsay.  FED. R. EVID. § 801(d)(2); *Forney v. Hopkins*, 2009 U.S. Dist. LEXIS 145863, *6-7 (D. Mont. Mar. 26, 2009). And indeed, nowhere in the complaint does Birke allege he or anyone else was actually infected.

1238, 1251 (1994) ("Promises too vague to be enforced will not support a fraud claim any more than they will one in contract.")

Vague or "highly subjective" statements, for example, are not the sort another would "interpret as factual or upon which he could reasonably rely." *Gentry v. eBay, Inc., supra,* 99 Cal.App.4th at 835. The same is true of a representation of one's "judgment as to quality, value, authenticity, or other matters of judgment." *Id.* (citing RESTATEMENT (SECOND) OF TORTS § 538A. Most apt here, generalized or unspecific assertions, such as one's *general commitment to a course of conduct* or an *aspiration to the accomplishment of a goal,* are not actionable. *See, e.g., Wilson v. Houston Funeral Home,* 42 Cal.App.4th 1124, 1139 (1996) (representation funeral services would be "dignified and respectful" noted to be "too general and amorphous to serve as the basis for a fraud cause of action.")

      **b.**    **Further, Whether There Was Justifiable Reliance May Be Decided as a Matter of Law, and Requires a Consideration of the Plaintiff's Knowledge, Education and Experience.**

"[W]hether a party's reliance was justified may be decided as a matter of law if reasonable minds can come to only one conclusion based on the facts." *Guido v. Koopman*, 1 Cal.App.4th 837, 843 (1991). In addition, "[i]n determining whether one can reasonably or justifiably rely on an alleged misrepresentation, the knowledge, education and experience of the person claiming reliance must be considered." *Hasso v. Hapke,* 227 Cal.App.4th 107, 132 (2014). "If the conduct of the plaintiff in the light of his own intelligence and information was manifestly unreasonable, … he will be denied a recovery." *Alliance Mortgage Co. v. Rothwell,* 10 Cal.4th 1226, 1247 (1995).

      **c.**    **Lowe's Announcement That Customer Health and Safety Was a Priority Is Not Actionable, Especially in Light of Birke's Membership in the California Bar.**

Here, Birke claims "LOWE'S advertises to the public that … [its] customers' health is … [its] priority during the COVID-19 virus," and "broadcast over the public

**MOTION BY LOWE'S TO DISMISS COMPLAINT UNDER FRCP 12(B)(6) , 12(D)**
Case No.: 2:20-cv-09242

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

address system at the Store that its customers' health and safety is its priority." FOR., Ex. A, 2:16-19; 5:6-8; 6:4-7.  Birke alleges he relied on that "misrepresentation," but it proved false, because Lowe's did not enforce the Mask Order. *Id.,* 8:27-9:10.

That Lowe's advertised or announced its customers' health and safety was a priority is incapable of supporting a claim for fraud.  It is simply too vague and general for any reasonable person to reasonably ascribe to it specific acts or conduct on the part of the maker which, if not met, would amount to fraud.  That statement contains nothing definitive about how or to what degree Lowe's was enforcing any emergency order.  Moreover, how would one measure whether certain acts or omissions demonstrate the health and safety of customers was *not* a priority?  Lowe's "advertisement" or "announcement" is instead an expression of a general commitment to a course of conduct or an aspiration to the accomplishment of a goal.  It accordingly cannot be bootstrapped into a claim for fraud.  The mere fact that one store or a few employees allowed one customer in without a mask does not and cannot prove the alleged statements were false at the time they were made.

Moreover, in assessing whether one could have reasonably or justifiably relied on a "misrepresentation," the knowledge, education and experience of the plaintiff must be considered.  If, in light of those factors, the plaintiff's professed reliance was unreasonable, he cannot recover. Birke is a member of the California Bar, and has been since 1989.  See FOR., Ex. Q.  He therefore has the knowledge, education and experience to disabuse him of the notion Lowe's "advertisement/announcement" could be parlayed into a claim for fraud.  To the extent Birke's claim is premised on the assertion he relied on general statements about a commitment to customer health as a promise that he would not encounter an unmasked customer—particularly when some customers are exempt and the news is saturated with stories of retail customers refusing to wear mask—such reliance would have been "manifestly unreasonable."[6]

---

[6] Birke's argument hinges on the fanciful assertion he only decided to enter Lowe's store because of the notices posted.  He admits he'd already made the decision to go there before he saw the signs or heard any announcements. The assertion that he went

**MOTION BY LOWE'S TO DISMISS COMPLAINT UNDER FRCP 12(B)(6) , 12(D)**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

### d.      The Claim Lowe's Posted Signs Stating It Complied with All "Recommendations" to Protect Its Customers and Employees Is Likewise Not Actionable.

Birke also alleges he "saw notices at the entrance that LOWE'S complied with all recommendations regarding protecting its customers and employees from COVID-19." FOR., Ex. A, 5:26-6:1.  He claims he entered the store in reliance on them, given his knowledge of the COVID-19 pandemic and the danger it allegedly poses.  *Id.,* 6:1-3.  Those allegations are, however, likewise too vague and general.  "Unlike most pleadings, a cause of action for fraud must be pleaded with specificity." *Lim v. The TV Corp. Int'l,* 99 Cal.App.4th at 694.  Birke does not allege precisely what the alleged "notices" stated, and it is accordingly impossible to determine what Lowe's specifically "represented."   In the latter vein, it is impossible to know what "recommendations" Birke refers to, and that term is in any event subjective.

The sheer quantity of statements from various governmental entities relating to COVID-19, whether at the national, state or local level, makes it impossible to determine what Lowe's supposedly identified as the object of its compliance.  If it is the Mask Order Birke has in mind, as noted above, assuming it implicated Lowe's, Lowe's complied with it.  In that instance, Birke's pleading does not allege a misrepresentation.  Birke's claim for fraud must therefore be dismissed for want of any actionable misrepresentations, even if leave to amend is granted.

### 3.      Given These Defects, Birke's Claim for Punitive Damages Also Fails.

While Birke pleads a claim for punitive damages based on his cause of action for fraud, FOR., Ex. A, 10:5-10, that claim fails for the same reasons.  "In California, as at common law, actual damages are an absolute predicate for an award of exemplary or punitive damages." *Kizer v. Co. of San Mateo,* 53 Cal.3d 139, 147 (1991) (citing

---

in only because he believed he would encounter no unmasked patrons defies common sense and Birke's own knowledge and experience.

**MOTION BY LOWE'S TO DISMISS COMPLAINT UNDER FRCP 12(B)(6) , 12(D)**

*Cal. Civ. Code* § 3294).  A court is in fact "without right to award exemplary damages" where the plaintiff has not suffered any actual damages as a result of defendants acts or omissions.  *Mother Cobb's Chicken Turnovers v. Fox,* 10 Cal.2d 203, 205 (1937). Since Birke's cause of action for fraud fails for the reasons set forth above, including because he did not suffer any actual damages *as a result of* his reliance on Lowe's statement, he cannot recover punitive damages.

### F.    Birke's Claim for Public Nuisance Fails to State a Cause of Action.

Birke alleges Lowe's supposed practice of not requiring all customers to wear a face mask resulted in a noxious condition in its store amounting to a public nuisance. FOR., Ex. A, 10:6-11:5.  While he asserts the condition was "specially and particularly injurious" to him, the only harm he claims peculiar to him is a "significantly increased likelihood of contracting COVID-19" due to the actions of a third party not wearing a mask.  *Id.,* 11:5-11.  In other words, the peculiar harm he suffered was not the result of the alleged public nuisance—customers not wearing masks—but was instead the result of unrelated third-party conduct.

#### 1.    Plaintiff has not Pled the Existence of an Actionable Nuisance.

Section 3493 of the California Civil Code defines a nuisance as "anything which *is* injurious to health . . ., or is indecent or offensive to the senses, or an obstruction to the free use of property . . .."  *Cal. Civ. Code* § 3479 [Emphasis Added.] First, nothing in Section 3479 or relevant case law supports the conclusion a nuisance will be found where, as here, the alleged nuisance prevents Birke's free use of Lowe's property. The nuisance must obstruct the free use of his *own* property. *See, e.g., Hutcherson v. Alexander,* 264 Cal.App.2d 126, 130 (1968)(nuisance consists in the use of one's property that obstructs another's use and enjoyment *of his own property*).

Further, as regards conditions injurious to health, the statute makes clear that it must be one that "is" injurious to health.  Plaintiff has not alleged sufficient facts to show that the alleged nuisance—a customer without a mask—is a condition injurious

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**MOTION BY LOWE'S TO DISMISS COMPLAINT UNDER FRCP 12(B)(6) , 12(D)**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

to health in and of itself.  Determining such to be a nuisance would require a finding the alleged condition presents more than "[a] mere possibility or fear of future injury." *Beck Dev. Co. v. S. Pac. Trans. Co.,* 44 Cal.App.4th 1160, 1213 (1996).

Thus, a nuisance in this case did not exist unless the presence of an unmasked patron was "indecent or offensive to the senses." This is defined to include conduct that is offensive to the five senses of hearing, sight, touch, smell, and taste, or which offends public morals.  *People ex rel. Busch v. Projection Room Theater,* 17 Cal.3d 42, 50-51 (1976). Given that, up until a few short months ago, virtually no one wore face coverings in public, that jurisdictions across the country differ on whether or not they require masks, and the fact it is reasonable to expect to encounter unmasked persons in a variety of situations even under current conditions, it simply cannot be said the presence of an unmasked individual is offensive to the senses or public morals.

Indeed, the Mask Order exempts certain individuals from the mask requirement. That exemption is not dependent on whether they have COVID-19 and thus could possibly transmit it to others in a public store.  This fact alone means that the "noxious" condition of which Birke complains—the presence of an unmasked individual— simply cannot be actionable as a nuisance under the law. Since the Mask Order exempts certain individuals, the mere presence of someone without a mask is not, as a matter of law or logic, "noxious" or "indecent or offensive to the senses."

## 2.    A Plaintiff Must Allege a Special Injury, and Birke Has Not Done So.

Birke has brought an action for public, not private nuisance. "A private person may maintain an action for a public nuisance, if it is specially injurious to *himself,* but not otherwise."  *Cal. Civ. Code* § 3493 [Emphasis Added].[7]   The requirement the plaintiff suffer an injury "specially injurious to himself" means "[t]he damage suffered must be different in *kind,* not merely in degree, from that suffered by other members

---

[7] That Birke alleges the conditions at the store were injurious to others he might expose to the COVID-19 virus, FOR., Ex. A, 11:8-11, is therefore irrelevant.

**MOTION BY LOWE'S TO DISMISS COMPLAINT UNDER FRCP 12(B)(6) , 12(D)**
Case No.: 2:20-cv-09242

of the public." *Kempton v. City of Los Angeles,* 165 Cal.App.4th 1344, 1349 (2008) [Emphasis Added]. That the plaintiff was, for example, "exposed to a greater danger of disease by reason of the nuisance, does not … constitute a special injury, but merely a greater injury of a general kind." *Lind v. San Luis Obispo,* 109 Cal. 340, 345-46 (1895), Henshaw, J., concurring.

Here, Birke does not allege the type of injury necessary to confer standing. He merely alleges he was exposed to a greater danger of contracting the COVID-19 virus, due to Lowe's failure to require its customers to wear a mask. That will not do. Absent some *actual* injury resulting *from* the "nuisance" not suffered by all other members of the public, a suit for public nuisance fails. *See, e.g., Birke v. Oakwood Worldwide,* 169 Cal.App.4th 1540, 1550 (2009). Here, the "nuisance" upon which his cause of action is predicated is exposure to customers not wearing masks. The "harm" is a greater danger of contracting COVID-19, which is not different in *kind* from any harm suffered by the general public. To the extent he suffered any "special" injury, it was, again, the result of an intentional tort committed by a third party that was neither a foreseeable result of, nor caused by, the alleged nuisance. Therefore, being deliberately spit on—a condition Lowe's did not create or allow to exist—cannot be the predicate "special injury" for his public nuisance cause of action.

### 3. Birke's Claims for Attorney's Fees and Punitive Damages Also Fail.

Birke's claims for attorney's fees under section 1021.5 of the California Code of Civil Procedure as a private attorney general for the public and for punitive damages also fail. Apart from the other requirements it imposes, section 1021.5 only authorizes an award of fees to a "successful" party. *Cal. Code Civ. Pro.* § 1021.5. Moreover, since Birke is not entitled to compensatory damages, his claim for punitive damages is also barred. *Kizer v. Co. of San Mateo, supra,* 53 Cal.3d at 147. For all these reasons, Birke's claim for public nuisance fails.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**MOTION BY LOWE'S TO DISMISS COMPLAINT UNDER FRCP 12(B)(6) , 12(D)**
Case No.: 2:20-cv-09242

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**G.**   **Birke's Claim for Negligence *Per Se* Fails to State a Cause of Action.**

As noted, Birke pleads a cause of action for negligence *per se* predicated on "executive orders" by the Governor and one allegedly issued by the Mayor of Los Angeles.  FOR., Ex. A, 12:5-13.  "Negligence per se" is not a cause of action but instead "an evidentiary doctrine."  *Quiroz v. Seventh Ave. Center,* 140 Cal.App.4th 1256, 1285 (2006).  By it a plaintiff attempts to prove a cause of action for negligence by relying on a statute, ordinance or regulation to define the duty owed.  *Evid. Code* § 669; *Elsner v. Uveges,* 34 Cal.4th 915, 927 (2004).

The first fatal flaw in Birke's claim concerns the "laws" he relies on to support it.  Other than an irrelevant executive order issued June 22, 2020,[8] he does not specifically identify the executive orders he relies on to press his claim.  Without their specific text, the Court cannot apply the doctrine because it cannot determine the persons the orders were intended to protect or the harm they were intended to prevent.  *Evid. Code* § 669(a)(3), (4); *Quiroz v. Seventh Ave. Center, supra,* 140 Cal.App.4th at 1285.  To the extent Birke relies on the Mask Order, as noted above, it imposed no duty on other parties, including, retailers to enforce its terms.  It is therefore incapable of defining a duty owed for purposes of a claim for negligence.

The second fatal flaw concerns the use of the executive orders.  The doctrine permits a plaintiff to rely on a "statute," "ordinance" or "regulation" only.  *Evid. Code* § 669(a).  The term "statute" is defined in the Evidence Code to "include a treaty and a constitutional provision[,]" *Evid. Code* § 230, and connotes a law written by a legislative body.  BOUVIER'S LAW DICTIONARY.  While not defined in the Evidence Code, the terms "ordinance" and "regulation" respectively mean "[a]n article of municipal legislation," *id.,* and a rule or standard adopted by a "state agency to implement, interpret or make specific a law enforced or administered by it."  *Cal.*

---

[8] The executive order issued on June 22, 2020, N-70-20, simply extended parts of order N-54-20 addressing the operation of recycling centers. FOR., Exs. R, S.

**MOTION BY LOWE'S TO DISMISS COMPLAINT UNDER FRCP 12(B)(6) , 12(D)**
Case No.: 2:20-cv-09242

*Gov't Code* § 11342.600.  Executive orders do not fall within those definitions, and Birke consequently cannot rely on them to assert his claim.

The third flaw concerns the issue of damages.  It is axiomatic a plaintiff must have suffered an actual loss or damage to recover for negligence.  *Toland v. Sunland Housing Group, Inc.,* 18 Cal.4th 253, 267 (1998).  The entire thrust of Birke's suit, and indeed its *raison d'etre,* is the claim he suffered fear of exposure to COVID-19.  Apart from such fear of exposure, it would not exist.  However, he cannot meet the arduous standard articulated in *Potter v. Firestone Tire & Rubber Co.,* 6 Cal.4th 965 (1993), for recovering damages for such fear.

Apart from a physical injury, damages for such fear may only be recovered if the plaintiff pleads and proves he was exposed to a virus as a result of the defendant's negligent breach of duty ***and*** his fear is corroborated by a reliable medical or scientific opinion it is "more likely than not" he will suffer *the negative effects* of the virus.  *Macy's Cal., Inc. v. Superior Court,* 41 Cal.App.4th 744, 750 (1995); *Herbert v. Regents of Univ. of Cal.,* 26 Cal.App.4th 782, 784-88 (1994); *Kerins v. Hartley,* 27 Cal.App.4th 1062, 1073-74 (1994).  As the *Kerins* court made plain in the latter regard, mere exposure is not enough.  It is only the *well-grounded* fear of the likelihood one's health will be *adversely affected* that is compensable.  *See id.* (plaintiff had to show it was more likely than not he would develop *AIDS* due to exposure to the HIV virus).  In short, exposure does not necessarily mean harm will ensue. Birke has admitted he tested negative for COVID-19.  He can therefore *never* suffer the negative effects of the virus as a result of the incident, let alone produce a reliable medical or scientific opinion he will suffer those effects.

Even if Birke points to the act of the other customer of spitting on him as *a* "harm" allowing him to recover for his fear, it is insufficient to constitute "physical injury" dispensing with the need to meet the standard articulated in *Potter.  See Macy's Cal., Inc. v. Superior Court, supra,* 41 Cal.App.4th at 756.  The "physical injury" necessary to dispense with that standard is an objective "detrimental change to the

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**MOTION BY LOWE'S TO DISMISS COMPLAINT UNDER FRCP 12(B)(6) , 12(D)**
Case No.: 2:20-cv-09242

body." *Id.; accord Duarte v. Zachariah,* 22 Cal.App.4th 1652, 1661-64 (1994). Birke alleges no such damage, and given he tested negative, he cannot show the act of spitting on him otherwise caused an objective abnormality or damage not there before. *See Macy's Cal., Inc. v. Superior Court, supra,* 41 Cal.App.4th at 757 (needle stick from hypodermic needle inadequate to constitute "physical injury" given plaintiff never tested positive for HIV and the odds of contracting it were 1 in 200,000).

## V.   CONCLUSION

Birke's claims for fraud, public nuisance, and negligence *per se* fail at every turn.  While Lowe's faithfully followed CDC guidelines by placing signs in its stores and passed a health inspection just days after the incident, it was not obligated by the Mask Order to do anything, including force its customers to wear a mask.  Assuming Lowe's was pressed into service and required to enforce the Mask Order, it is immune from civil liability.  For those reasons and the others noted, this suit must be dismissed.

Dated:  October 14, 2020                          THARPE & HOWELL, LLP


By:  _____*/s/ Stephanie Forman*_____
STEPHANIE FORMAN
CHARLES D. MAY
ROGER W. BACKLAR
ERIC B. KUNKEL
Attorneys for Defendant, LOWE'S
HOME CENTERS, LLC,
MARVIN R. ELLISON
and LEVI RENDEROS

I:\31000-000\31614\Pleadings\FEDERAL\12(b)(6) Motion to Dismiss (Lowe's)\Motion to Dismiss on behalf of Lowes-Final.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221