Michael R. Sohigian (State Bar No. 15448)
LAW OFFICE OF MICHAEL R. SOHIGIAN
9420 Wilshire Boulevard, 2nd Floor
Beverly Hills, California 90212-3169
Telephone: (310) 914-2494
Telecopier: (310) 914-2484
msohigian@mrslaw.net

Attorneys for Plaintiff, JOHN BIRKE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JOHN BIRKE, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>LOWE'S HOME CENTERS, LLC, a North Carolina corporation; MARVIN R. ELLISON, an individual; LEVI RENDEROS, an individual; and DOES 1-100, inclusive,<br><br>Defendants. | **Case No.: 2:20-cv-09242-SVW (AGRx)**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANTS' THREE MOTIONS TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(d)**<br><br>Filed concurrently with supporting Declarations of John Birke and Michael R. Sohigian<br><br>Date:  November 16, 2020<br>Time: 1:30<br>Crtrm: 10 (Judge Stephen V. Wilson)<br>Action filed: 9/1/20 |

Plaintiff John Birke submits the following omnibus Memorandum of Points and Authorities in opposition to the motions to dismiss his action pursuant to Fed. R. Civ. P. 12(b)(6) and 12(d) filed, respectively, by defendants Lowe's Home Centers, LLC ("Lowe's"), Marvin Ellison ("Ellison"), and Levi Renderos ("Renderos") (collectively "Defendants").

/

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................ 2

II. LEGAL ARGUMENT.............................................................. 2

   A.  The Complaint States Cognizable Claims and Sufficient Facts............... 3

   B.  The Complaint States Plausible Claims for Relief....................................4

   C.  The Court should Reject Defendants' Rewriting of the Complaint.……...5

   D.  Govt. Code §8657 Does Not Immunize Any Defendant for Subverting

        the Mask Order.…………………………………………….………………5

   E.  No Other Considerations of Law or Policy Compel Granting

        Lowe's Immunity.………………………………………………………...7

   F.  The Potentially Lethal Spitting Attack on Plaintiff was a Foreseeable Result of

        Defendants' Welcoming and Indulging Maskless Shoppers.…………….8

        1. The Restatement Second standard of liability applies to Lowe's.....9

        2. The Attack on Plaintiff was Foreseeable Given Defendants'

        Conduct.………………………..………….............................................. 10

   G.  Lowe's Materially, Falsely Represented its Customers' Health Is Its Priority

        During the Pandemic, and that it Complied with All Applicable Health

        Recommendations to Protect Customers from COVID-19.……………....11

        1.  Plaintiff's Status as an Attorney Does Not Excuse Lowe's' Intentional

        Misrepresentations Regarding COVID-19 Measures.……………….....12

        2.  Plaintiff has Sufficiently Alleged the False Statements.……………12

   H.  Plaintiff Has Alleged Damages to Support an Award of Punitive

        Damages.…………………………………………………………………..12

   I.  Plaintiff Has Stated a Cause of Action for Public Nuisance.……………13

        1.  Plaintiff has alleged a special injury.………………………………13

i

2.  Plaintiff may seek punitive/exemplary damages and attorney fees….14

III. THE COURT HAS SPECIFIC JURISDICTION OVER ELLISON, WHO
     DICTATED DEFENDANTS' MASK POLICY…………………………………15

A. Jurisdiction is Proper under California's Long-Arm Statute……………...15

B.  The Court may Exercise Specific Jurisdiction over Ellison…………………15

     1.     Plaintiff has pleaded jurisdictional facts regarding Ellison….……16

     2.     Specific jurisdiction over Ellison is fair and reasonable………….17

IV. THERE ARE NO GROUNDS TO DISMISS RENDEROS……………………17

V.   CONCLUSION……………………………………………………………………19

ii

# TABLE OF AUTHORITIES

**CASES:**

*Arzaga v. Wells Fargo Bank, N.A.*, 2016 WL 6698954, at *2……………………..2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)……………………………………………4

*Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988)…………3

*Bancroft & Masters*, *Inc. v. Augusta Nat. Inc*., 223 F.3d
1082, 1088 (9th Cir. 2000)……………………………………………………………………17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)………………………………4

*Berke v. Whole Foods Market*, 2020 WL 5802370 at *3 (C.D.Cal.2020)………16

*Birke v. Oakwood Worldwide* (2009) 169 Cal.App.4th 1540, 1552………………13-14, 18

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)…………………….17

*Cairns v. Franklin Mint Co*., 24 F.Supp.2d 1013, 1023 (C.D.Cal.1998)…………3

*Cansino v. Bank of America* (2014) 224 Cal.App.4th 1462, 1469…………………11

*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir.1994)…………….3

*Committee on Children's Television, Inc. v. General Foods Corp.*
(1983) 35 Cal.3d 197, 217…………………………………………………………………..18, 19

*Conley v. Gibson,* 355 U.S. 41, 45–46 (1957)…………………………………………4

*Davis v. Prentiss Props. Ltd., Inc.* 66 F. Supp. 2d 1112 (C.D. Cal 1999) ……….. 2

*Doe v. United States,* 58 F.3d 494, 497 (9th Cir.1995)………………………………4

*Gilligan v. Jamco Development Corp.,* 108 F.3d 246, 249 (9th Cir.1997)………3

*Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, 570-571……………14

*HealthMarkets, Inc. v. Superior Court* (2009) 171 Cal.App.4th 1160, 1167……..15

*Hotel & Restaurant Employees, etc. Union v. Francesco's B Inc.* (1980)
104 Cal.App.3d 962, 973……………………………………………………………………13

iii

*Kellman v. Whole Foods Market, Inc.*, 313 F.Supp.3d 1031, 1042 (N.D.Cal.2020)……………………………………………………..16, 17

*Kentucky Fried Chicken of Cal. v. Superior Court* (1997) 14 Cal.4th 814, 823….9

*LaBadie v. State of Calif.* (1989) 208 Cal.App.3d 1366…………………………7

*Meram v. MacDonald,* 2006 WL 8456253 at *5 (S.D.Cal.2006)………………..13

*Morris v. De La Torre* (2005) 36 Cal.4th 260, 272…………………………………10

*Patrick v. Alacer Corp.* (2008) 167 Cal.App.4th 995, 1016–1017……………….11

*Philipson & Simon v. Gulsvig* (2007) 154 Cal. App. 4th 347, 363. ……………...11

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015)……………………………15, 17

*Quattrone v. Superior Court* (1975) 44 Cal.App.3d 296, 302……………………15

*Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015)………………………..16

*Regents of Univ. of California v. Superior Court* (2018) 4 Cal.5th 607, 620……..9

*Stoiber v. Honeychuck* (1980) 101 Cal.App.3d 903, 920…………………………14

*Tarmann v. State Farm Mut. Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 158………19

*Thousand Trails, Inc. v. Cal. Reclam. Dist. No. 17* (2004) 124 Cal.App.4th 450, 458……………………………………………………………..7

*Rowland v. Christian* (1968) 69 Cal.2d 108 ......................................................10

*Sanchez v. Lane Bryant, Inc.,*123 F.Supp.3d 1238 (C.D. Cal. 2015) ......................2

*Verdugo v. Target Corp.* (2014) 59 Cal.4th 312, 337……………………………9, 10

**STATUTES AND SECONDARY SOURCES:**

Civil Code §3360…………………………………………………………………13

Cal. Civil Code §3480………………………………………………………………13

Code of Civ. Proc. §410.10………………………………………………………15

Cal. Govt. Code §8657, subd. (a)…………………………………………………..6

Civil Code § 2343 …………………………………………………………………...11

Civil Code §3480 …………………………………………………………………12

iv

---

5B C. Wright & A. Miller, *Federal Practice and Procedure* § 1356, p. 354 (3d ed. 2004)……………………………………………………….……3

Rest.2d Torts, § 314A……………………………………………………....9

Rest.2d Torts, § 344……………………………………………….....9

v

## I. INTRODUCTION

Before the Court even considers Defendants' motions to dismiss, due process requires a ruling on Plaintiff's motion to remand to the Los Angeles Superior Court. *See, Arzaga v. Wells Fargo Bank, N.A.*, 2016 WL 6698954, at *2 (S.D.Cal. 2016) (remand motion should be determined because first because "the Ninth Circuit 'strictly construe[s] the removal statute against removal jurisdiction,' and '[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance'"); *see*, *also*, *Davis v. Prentiss Properties Limited, Inc.*, 66 F.Supp.2d 1112, 1114 (C.D.Cal.1999)  (District Court lacks jurisdiction over claim against defendant not fraudulently joined).

Plaintiff has demonstrated this Court lacks subject matter jurisdiction because there is not complete diversity among the plaintiff and defendants – Renderos is undisputedly a citizen and resident of California. Only if Lowe's "prove[s] that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against [Renderos] in state court" should the Court entertain the motions to dismiss. *See*, *Sanchez v. Lane Bryant, Inc.*, 123 F.Supp.3d 1238, 1241 (C.D. Cal. 2015).

In addition, if the Court accepts Defendants' invitation to treat their motions as ones for summary judgment under Fed. R. Civ. P. 56, Plaintiff asks the Court to continue the hearing on Defendants' motions to allow him to respond adequately to the many extrinsic, prejudicial, and irrelevant exhibits Defendants have lodged. Plaintiff will not use this opposition to fight Defendants' effort to smear him and fabricate facts, because Defendants' motions to dismiss fail as a matter of law**.**

## II. LEGAL ARGUMENT

Plaintiff has stated three causes of action against Defendants: Fraud – Intentional Misrepresentation; Public Nuisance; and Negligence. Lowe's, joined by the other defendants, asserts statutory immunity from liability for their acts and omissions alleged in the Complaint. None of them is immune.

Nor does any Defendant have a defense that warrants dismissal at the pleading stage. The Complaint, construed properly under the law of California and this Circuit, comports

2

with federal law, and states factually and legally plausible claims against Defendants arising from the injuries Plaintiff suffered at their West Hills store.

### A. The Complaint States Cognizable Claims and Sufficient Facts.

"The scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir.1994). "The court may, however, consider exhibits submitted with the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201." *Cairns v. Franklin Mint Co*., 24 F.Supp.2d 1013, 1023 (C.D.Cal.1998).

Dismissal under Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988).

Defendants can show neither. The Complaint states cognizable legal theories supported by ample alleged facts. "The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims asserted." *Gilligan v. Jamco Development Corp.,* 108 F.3d 246, 249 (9th Cir.1997). Plaintiff is plainly entitled to offer evidence supporting the claims he has asserted against Lowe's; its CEO, Marvin R. Ellison; and, the store manager, Levi Renderos.

"When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Cairns v. Franklin Mint Co*., *supra*, 24 F.Supp.2d at 1023.

Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." F. R. Civ. P. 8(a)(2). With that liberal pleading standard, the purpose of a motion under Rule 12(b)(6) is "to test the formal sufficiency of the statement of the claim for relief." 5B C. Wright & A. Miller, *Federal Practice and Procedure* § 1356, p. 354 (3d ed. 2004).

The notice pleading standard set forth in Rule 8 establishes "a powerful presumption against rejecting pleadings for failure to state a claim." *Gilligan, supra*, 108 F.3d at 248

---

(citations omitted). Consequently, a court may not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957).

### B.  The Complaint States Plausible Claims for Relief.

To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's allegations detail the materially false oral and printed statements that "our customers' health is our priority during [the COVID-19 pandemic]" and "Lowe's complied with all applicable recommendations to protect the public and its employees." (Complaint ¶¶3, 8, 14) on which he reasonably and to his great detriment relied in entering the store June 28, 2020. While there, Plaintiff was attacked after asking a maskless male shopper, from a distance, how he got into the store without a mask, since California law then and now requires masks to be worn in all indoor venues open to the public.

That maskless shopper, whom Defendants have defended in their motion papers as indefatigably as they protected him before, during, and after his spitting attack on Plaintiff, was able to carry out that attack, and expose numerous other patrons to COVID-19 solely because of Defendants' willful, calculated, deceitful, and reckless acts in pursuit of profit. Defendants wanted mask rejecters to feel welcome and unhindered in their stores. Defendants allowed Plaintiff's attacker to spit in Plaintiff's face while their employees looked on and did nothing, then allowed him to wander freely for another several minutes, and finally to leave unimpeded. And Defendants did everything they could to avoid aiding Plaintiff.

But if the Court believes the allegations of the Complaint are lacking in any respect, in keeping with this liberal pleading standard, the district court should grant the plaintiff

4

1   leave to amend. *Doe v. United States,* 58 F.3d 494, 497 (9th Cir.1995).

2   **C. The Court should Reject Defendants' Rewriting of the Complaint**.

3   Ignoring the longstanding rule that the Complaint should be read fairly, Lowe's

4   inaccurately recasts it; but contrary to their contention, Plaintiff's theories of liability are *not*

5   *"rooted in Lowe's alleged failure to enforce the [June 18, 2020, Emergency Executive

6   Order mandating masks in public]"* (the "Mask Order," Exhibit C to Lowe's Motion).

7   Plaintiff does not seek to hold Lowe's liable for mere failure to enforce the Mask

8   Order. Plaintiff's claims arise from Defendants' false representations that they prioritized

9   customers' health and safety during the COVID-19 pandemic, and that they complied with

10   all applicable recommendations to protect him from COVID-19, representations Defendants

11   made for the purpose of inducing Plaintiff and other customers to enter the store and spend

12   their money. Once inside, Plaintiff learned Defendants not only welcomed people without

13   face coverings but allowed them to spit in the face of another shopper with impunity.

14   Plaintiff's claims arise from the noxious, potentially lethal conditions Defendants lied about,

15   created and maintained, conditions of public nuisance, and from the injuries that

16   proximately resulted.

17   Plaintiff bases his claims not merely in Defendants' failing to enforce the Mask

18   Order, but in their undermining that Order. Inviting members of the public to enter the Store

19   without masks, and aiding and abetting them at every turn, including ensuring they can

20   attack customers that "confront" them by telling them they're violating the law, goes well

21   beyond not enforcing the Mask Order. Falsely representing to shoppers that Lowe's would

22   protect their health to induce them to enter the store is not mere failure to enforce the Mask

23   Order. Lowe's created a public nuisance by doing far worse than just not enforcing the Mask

24   Order.

25   **D. Govt. Code §8657 Does Not Immunize Any Defendant for Subverting the**

26   **Mask Order.**

27   Lowe's relies on several increasingly implausible propositions and one oxymoron.

28   The oxymoron: Lowe's argues the Mask Order *imposed no duty on Lowe's to act or enforce*

5

*it*. That could be the only justification for doing nothing. But in the next breath, Lowe's asserts it was "duly impressed" into service to carry out the Mask Order, thus conferring statutory immunity under Cal. Govt. Code § 8657, subd. (a). If the State of California required nothing of Lowe's regarding the Mask Order, however, then Lowe's *was not* "duly impressed," and had no statutory immunity for violating the Mask Order.

The statute Defendants rely on drives this home. Government Code §8657, subd. (a) states:

> "(a) Volunteers duly enrolled or registered with the Office of Emergency Services or any disaster council of any political subdivision, or unregistered persons duly impressed into service during a state of war emergency, a state of emergency, or a local emergency, in carrying out, complying with, or attempting to comply with, any order or regulation issued or promulgated pursuant to the provisions of this chapter or any local ordinance, or performing any of their authorized functions or duties or training for the performance of their authorized functions or duties, shall have the same degree of responsibility for their actions and enjoy the same immunities as officers and employees of the state and its political subdivisions performing similar work for their respective entities."

Nowhere in the complaint does Plaintiff allege any defendant was charged by the state of California with carrying out the Mask Order. And Lowe's offers no actual evidence that it was "duly impressed into service" to carry out the state's mask/face covering mandate. In fact, Lowe's admits the Act does not define that phrase, but does not present any communication from any state official, subdivision, or agency, directed to Lowe's that suggests Lowe's was impressed into service.

Instead, Lowe's offers bare dictionary definitions. Lowe's ignores the likelihood that the word "duly" modifying the phrase "impressed into service" refers to a process or procedure that is not merely proper but adequate to safeguard the rights of one subjected to a levy or whose person or property is taken by force for public service to quell an emergency.

6

The phrase "duly impressed into service" implies an official act or communication coercing Lowe's to do something. But there was no such official act or communication directed at Lowe's.

Lowe's took no act to "carry out, comply with, or attempt to comply with" the Mask Order. Lowe's did not even post a copy of the Order or a notice that masks were required. There is no statutory immunity.

Lowe's appears to argue just subjecting it to the requirements of the Mask Order vested Lowe's *ipso facto* with the authority to exercise or perform, or fail to exercise or perform, a state or local agency's discretionary function or duty. But it offers no authority for this novel contention. The cases Lowe's cites are inapposite. *See*, *Thousand Trails, Inc. v. Cal. Reclam. Dist. No. 17* (2004) 124 Cal.App.4th 450; *LaBadie v. State of Calif.* (1989) 208 Cal.App.3d 1366. Lowe's is not a state entity, nor did the State of California enlist it in efforts to stem the spread of COVID-19. Instead, like everyone in California, Lowe's was expected to comply with the law.

Neither Lowe's nor Plaintiff has found a case interpreting the "duly impressed into service" language of Section 8657. This apparent lack of controlling authority from California's courts or legislature is a compelling reason for this District Court not to exercise any authority to dismiss or otherwise limit Plaintiff's claims. Such an exercise would exceed this Court's powers.

**E.     No Other Considerations of Law or Policy Compel Granting Lowe's Immunity.**

Lowe's dives headlong down a rabbit hole of theoretical justifications for excusing members of the public from wearing masks in its store. Nothing within the four corners of the Complaint implies that Lowe's was actually considering the interests of maskless shoppers in any way, let alone weighing their reasons for not wearing masks. Lowe's citing a provision from "COVID-19 INDUSTRY GUIDANCE-Retail" (Exhibit H to Appendix) is preposterous. Lowe's could not have based its policy of welcoming violations of the Mask

7

Order on that guidance, which the CDPH issued on July 2, 2020, four days after the events described in the Complaint.

The allegations create a strong inference that Lowe's did nothing to impede or delay a maskless shopper's entry into the store based on a mercenary calculation that it would gain more customers than it would lose by welcoming violators of the Mask Order. There was no security guard at the store Renderos managed refusing entry to those without masks. There was no signage inside or outside announcing the Mask Order, nor any exceptions to the Mask Order Lowe's would recognize.

The attitude Lowe's took toward its customers, including Plaintiff, who would never have entered the store had he known the true facts about Defendants' pattern and practice of helping spread COVID-19, don't merit blanket immunity. Rather, that attitude reflected a craven abdication of Defendants' legal duties to protect shoppers from an unreasonable risk of harm, in favor of a morally bankrupt and despicable pursuit of profit.

The choice of whether to help fuel a deadly pandemic because it's more profitable than protecting public health and saving lives doesn't belong to Lowe's. That's why the Governor issued the Mask Order. Nor, respectfully, does the choice belong to this Court to legislate from the bench immunity from civil lawsuits where no statute even suggests it.

**F.** **The Potentially Lethal Spitting Attack on Plaintiff was a Foreseeable Result of Defendants' Welcoming and Indulging Maskless Shoppers.**

This Court should summarily reject Lowe's' improper effort to argue "facts" that are not in the Complaint or record, and which are, at best, disputed. Foremost among these is the scurrilous lie that Plaintiff "confronted" or "harangued" or "stalked" the maskless shopper that spat in his face. As set forth in the complaint, it was Defendants' greed that necessitated Plaintiff's having to track his attacker and see whom else he came in contact with while Plaintiff waited for the police to arrive. The end result of Defendants' "we just want people's money; we don't care if they die later" ethic is set forth in the Complaint: A Lowe's employee witnessed the spitting attack, told the attacker he had seen it, and still did nothing. Other Lowe's personnel refused to call the police. (Complaint, ¶¶ 7-8) These acts

8

1  show it was the policy and practice of Lowe's to let maskless shoppers enter and roam as

2  they pleased, exposing other customers to COVID-19.

3  Instead of making a factual call based on Defendants' false aspersions against

4  Plaintiff, the Court should analyze the Complaint according to established principles of

5  liability of business operators to their invitees.

6  **1. The Restatement Second standard of liability applies to Lowe's.**

7  In California, defendants' callous disregard for Plaintiff's health and safety is

8  actionable. The current rule regarding land possessors' duty to invitees to was initially stated

9  more than 40 years. The Restatement 2d Torts recognizes "special relationships" such as

10  those involving common carriers and innkeepers, that give rise to a duty of care. It states, in

11  relevant part, "3) A possessor of land who holds it open to the public is under a similar duty

12  to members of the public who enter in response to his invitation*." Rest.2d Torts, § 314A,

13  italics added ("Section 314A"). Section 314A(3) further imposes a duty "(a) to protect them

14  [invited members of the public] against unreasonable risk of physical harm, and (b) to give

15  them first aid after it knows or has reason to know that they are ill or injured, and to care for

16  them until they can be cared for by others." *Id*.; *see, also*, Rest.2d Torts, § 344 (expanding

17  on duty as it applies to business operators to impose liability to patrons injured by acts of

18  third parties); *Verdugo v. Target Corp*. (2014) 59 Cal.4th 312, 337 (analyzing cases);

19  *Regents of Univ. of California v. Superior Court* (2018) 4 Cal.5th 607, 620.

20  Defendants breached their legal duty to protect Plaintiff from dangers they knew third

21  parties' refusal to wear a mask would present, including both possible infection and the

22  actual assault. *Kentucky Fried Chicken of Cal. v. Superior Court* (1997) 14 Cal.4th 814, 823.

23  But that is not all.

24  As California's Supreme Court observed, "[S]ection 314A of the Restatement Second

25  of Torts groups together both the duty to provide aid to an ill or injured patron and the duty

26  to protect a patron against an unreasonable risk of physical harm, reflecting the fact that in

27  both settings the legal duty to the patron arises from the relationship between the parties and

28  exists even though a business has not itself caused the injury or illness in question."

*Verdugo*, *supra*, 59 Cal.4th at 337 (noting businesses owe duty to protect patrons against criminal conduct before it happens, and duty to take immediate action in response to it).

Defendants breached both duties, not only failing to protect Plaintiff against the unreasonable risk of contracting COVID-19 by requiring patrons to wear masks in the Store, but also refusing to aid Plaintiff in any way either before or after the assault: Lowe's employees witnessed the assault and rejected Plaintiff's request to call police.

### 2.  The Attack on Plaintiff was Foreseeable Given Defendants' Conduct.

Defendants should not only have foreseen but even expected a criminal assault resulting from their policy and practice to do nothing to ensure shoppers didn't commit the criminal act of failing to wear a mask. But Lowe's tried to have its cake and eat it too, falsely advertising that its customers' health was its top priority during the COVID-19 pandemic – which led Plaintiff to believe he could expect not to face maskless shoppers – while ensuring continued profits from sales to criminals who violated the Mask Order.

This was a fundamental breach of Defendants' duties to Plaintiff. California courts have recognized a "special relationship exists between a business proprietor and not only its patrons or customers, but also its *invitees.*" *Morris v. De La Torre* (2005) 36 Cal.4th 260, 272 (emphasis in original). Businesses must protect those on their premises from imminent or ongoing criminal activity.

"Foreseeability analysis in a case such as this – involving a proprietor's duty to *respond* reasonably to criminal conduct that is *imminent* or even *ongoing* in his or her presence – contrasts fundamentally with the type of foreseeability at issue in cases such as *Ann M.*, which involve a proprietor's duty to take *preventative* measures to guard against possible *future* criminal conduct." *Id*. at p. 271. Imminent assaultive conduct – or such conduct occurring in Defendants' plain view, as in this case – presents a strong possibility of serious injury, against which the business has a duty to protect. *Id.*

The very conduct of customers walking around the store without masks in the middle of a pandemic, in violation of an emergency health order, is criminal. Leaving it entirely to

---

customers to enforce the law to protect themselves while in Defendants' store makes an attack such as Plaintiff suffered imminently foreseeable. What is more, Lowe's could have taken reasonable steps, at minimal cost and almost no inconvenience to others, to prevent such criminal conduct in its store. Lowe's quite evidently made a calculated business decision to do nothing.

> ### G. Lowe's Materially, Falsely Represented its Customers' Health Is Its Priority During the Pandemic, and that it Complied with All Applicable Health Recommendations to Protect Customers from COVID-19.

"The elements which must be pleaded to plead a fraud claim are (a) misrepresentation (false representation, concealment or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, *i.e.*, to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Philipson & Simon v. Gulsvig* (2007) 154 Cal. App. 4th 347, 363.

The plaintiff must plead facts showing how and by what means the representations were made, and identify to whom and where the representations were communicated. *Cansino v. Bank of America* (2014) 224 Cal.App.4th 1462, 1469. The plaintiff must also plead damage, as it is essential to fraud. *Patrick v. Alacer Corp.* (2008) 167 Cal.App.4th 995, 1016–1017.

In addition to the allegation that Lowe's post at the store entrance a false statement that it "complied with all applicable recommendations to protect its employees and customers from COVID-19" (Complaint, ¶14), Plaintiff has alleged:

> "LOWE'S advertises to the public that 'our customers' health is our priority during the COVID-19 virus,' and it broadcast over the public address system at the Store that its customers' health and safety is its priority. The events of June 28th proved that was false. The true facts, in sum, were that LOWE'S does less than nothing to protect its customers' health; in patent, inexcusable violation of public health law, it invites customers into its stores without masks, and allows them to continue shopping freely even if they refuse to put on a mask. And in this case, even a mask refuser that was

11

1    pointed out to LOWE'S personnel patently violating the law, was allowed to roam as

2    he pleased, commit a possibly lethal battery against BIRKE, and certainly a criminal

3    assault. (Complaint, ¶8)

4         Plaintiff alleged he entered the Lowe's store on June 28, 2020 in reliance on the

5    advertisement, the broadcast statements, and the written statement at the store entrance, all

6    of which Lowe's knew were false.

7              **1.   Plaintiff's Status as an Attorney Does Not Excuse Lowe's Intentional**

8                   **Misrepresentations Regarding COVID-19 Measures**.

9         Lowe's cites no authority, and Plaintiff is aware of none, that an attorney is not

10   entitled to rely on representations made by a retail corporation that it is doing not just what

11   is recommended, but mandated, to protect its customers from a deadly virus that has now

12   killed some 222,000 Americans.

13             **2.   Plaintiff has Sufficiently Alleged the False Statements.**

14        Putting the terms "notices," "represented" and "recommendations" in quotes, as

15   Lowe's does, is not an argument that Plaintiff has failed to detail with specificity the

16   particulars of Lowe's false and misleading statement. Lowe's is understandably fearful of

17   having to defend its actions before a judge or jury, but the four corners of the Complaint say

18   nothing about "the sheer quantity of statements from various governmental entities" (Doc. 9,

19   28:14-17). The Complaint does, however, describe the statements Lowe's made relating to

20   helping its customers avoid COVID-19, statements on which Plaintiff relied in entering

21   Lowe's to make a necessary purchase for his wife.

22        **H.     Plaintiff Has Alleged Damages to Support an Award of Punitive Damages.**

23        Lowe's contends that because Plaintiff did not contract COVID-19 from the attack,

24   he has suffered no damages. California law has long said otherwise. Since 1872, in

25   California the law has been: "When a breach of duty has caused no appreciable detriment to

26   the party affected, he may yet recover nominal damages." Civil Code §3360; *Hotel &*

27   *Restaurant Employees, etc. Union v. Francesco's B Inc*. (1980) 104 Cal.App.3d 962, 973.

28

12

1  "Where a party is entitled to nominal damages, he may also recover punitive damages in a
2  proper case." *Id*.

3       As another District Court in this state has observed, "Any injury, no matter how small
4  is sufficient to support an intentional tort. Even if Defendants' fraud caused Plaintiff only
5  negligible harm or no appreciable detriment, he may recover nominal damages. When a
6  party is injured by the intentional act of another, constituting a breach of a duty owed to the
7  party by the other, then, even though the party may suffer no appreciable detriment (i.e.,
8  sustain actual damages), the party is entitled to nominal damages. Where a party is entitled
9  to nominal damages, he may also recover punitive damages in a proper case. Accordingly,
10  Plaintiff's allegation of harm is sufficient to withstand a motion to dismiss." *Meram v.
11  MacDonald,* 2006 WL 8456253 at *5 (S.D.Cal.2006) (internal quotations omitted).

12       Thus, even though Plaintiff was fortunate not to contract COVID-19 from the
13  maskless shopper's spitting in his face, he did suffer damages, including without limitation
14  emotional distress, which he would not have suffered had Defendants not fraudulently
15  induced him to enter the Store with false representations that they prioritized his health. He
16  can recover those damages, including punitive damages for Defendants' fraud.

17       **I.  Plaintiff Has Stated a Cause of Action for Public Nuisance.**

18       No possessory interest in property is required for a public nuisance claim such as the
19  one Plaintiff alleges. "A public nuisance is one which affects at the same time an entire
20  community or neighborhood, or any considerable number of persons, although the extent of
21  the annoyance or damage inflicted upon individuals may be unequal." Cal. Civil Code
22  §3480.

23       **1.  Plaintiff has alleged a special injury.**

24       Lowe's completely misstates the holding of *Birke v. Oakwood Worldwide* (2009) 169
25  Cal.App.4th 1540 (in which Plaintiff was Melinda Birke's Guardian ad Litem, represented
26  by Plaintiff's current counsel). The actual holding of the *Birke* Court, consistent with
27  California Supreme Court precedent from the 19th century, was that any physical injury to
28  the plaintiff satisfies the "special injury" requirement, even when others suffer the same

1  injury. *Birke, supra*, 169 Cal.App.4th at p. 1550. The injury from being exposed to a

2  significantly increased risk of contracting COVID-19 and emotional distress connected with

3  it arose from the conditions Defendants intentionally created and maintained at the West

4  Hills store. Defendants not only created and maintained those conditions of exposure to

5  COVID-19, but created also conditions conducive to criminal assault with no prevention,

6  aid, or assistance. Plaintiff's cause of action requires nothing more in this regard.

7         **2. Plaintiff may seek punitive/exemplary damages and attorney fees.**

8      "A nuisance may be either a negligent or an intentional tort. If the latter, then

9  exemplary damages are recoverable." *Stoiber v. Honeychuck* (1980) 101 Cal.App.3d 903,

10  920 (citation omitted). Plaintiff's allegations that Defendants had actual knowledge the

11  shopper that spat in his face was roaming without a mask, and that Defendants willfully,

12  oppressively and maliciously did nothing to prevent maskless invitees from entering the

13  store, and nothing to protect other invitees from maskless shoppers, knowing the

14  consequences of their acts and decisions, support Plaintiff's prayer for punitive damages.

15  The defenses Lowe's raises in its motion to dismiss are irrelevant. *Stoiber, supra*, 101

16  Cal.App.3d at 921.

17      As to his prayer for attorney fees, Plaintiff would only be entitled to an award under

18  Code of Civ. Proc. §1021.5 if he is a "successful" party in this litigation to enforce

19  California's important public policies to prevent the unchecked spread of COVID-19 against

20  Defendants' deliberate attack on those policies. *See, e.g., Graham v. DaimlerChrysler Corp.*

21  (2004) 34 Cal.4th 553, 570-571. If Plaintiff obtains relief that abates the public nuisance – or

22  accomplishes that result by simply having filed and prosecuted this lawsuit – he should be

23  allowed to recover attorney fees under § 1021.5. See *id*. at 577-578.

24  *//*

25

26

27

28

### III. THE COURT HAS SPECIFIC JURISDICTION OVER ELLISON, WHO DICTATED DEFENDANTS' MASK POLICY.

If this case remains in this Court, Plaintiff will seek leave to amend the complaint to add as a defendant the corporate entity Ellison claimed in his Motion to serve as CEO. No matter whose CEO he is, this Court has personal, specific jurisdiction over Ellison, based on Ellison's actions giving rise to Plaintiff's claims.

Both sides agree this Court must apply California law to determine personal jurisdiction in this case arises solely and entirely under California law. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 121 (2014).

#### A. Jurisdiction is Proper under California's Long-Arm Statute.

"A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Code of Civ. Proc. §410.10. "Outside the state, such power is limited to instances in which 'a defendant . . . (has) certain minimum contacts with (the state) such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Quattrone v. Superior Court* (1975) 44 Cal.App.3d 296, 302 (citations omitted). The Judicial Council Comment to the statute lists 11 bases of judicial jurisdiction over individuals, including no. 9: "Causing Effect in State by Act or Omission Elsewhere." *See*, *Quattrone, supra*, 44 Cal.App.3d at 303.

#### B. The Court may Exercise Specific Jurisdiction over Ellison.

In California, a nonresident defendant "may be subject to specific jurisdiction, meaning jurisdiction in an action arising out of or related to the defendant's contacts with the forum state." *HealthMarkets, Inc. v. Superior Court* (2009) 171 Cal.App.4th 1160, 1167 (citing *Helicopteros Nacionales de Colombia v. Hall* 466 U.S. 408, 414 fn. 8 (1984). "A nonresident defendant is subject to specific personal jurisdiction only if (1) the defendant purposefully availed itself of the benefits of conducting activities in the forum state; (2) the controversy arises out of or is related to the defendant's forum contacts; and (3) the exercise of jurisdiction would be fair and reasonable." *Id*., citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-478 (1985).

15

"Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) ); see also, *Berke v. Whole Foods Market*, 2020 WL 5802370 at *3 (C.D.Cal.2020). "Uncontroverted allegations must be taken as true, and conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.* at 1042–43. "The parties may submit, and the court may consider, declarations and other evidence outside the pleadings in determining whether it has personal jurisdiction." *Kellman v. Whole Foods Market, Inc.*, 313 F.Supp.3d 1031, 1042 (N.D.Cal.2018), citing *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

### 1.    Plaintiff has pleaded jurisdictional facts regarding Ellison.

Plaintiff's complaint and the evidence Ellison submitted in support of his Motion show he purposefully availed himself (and his company) of the benefits of owning and operating stores in California, the most populous state in the country. The first requirement is satisfied.

As to the second element, Plaintiff's claims arise not only from the corporate defendant's contacts with California, but also from Ellison's contacts as the author and public face of the response Lowe's made to the COVID-19 pandemic in California.

About July 10, 2020, counsel for Plaintiff emailed to Lowe's in-house counsel a copy of a complaint drafted to file in Los Angeles Superior Court. Declaration of Michael R. Sohigian Supporting Opposition to Motions to Dismiss ("Sohigian Dec."), Ex. 1. Counsel advised it was Plaintiff's intention to file the next week. On July 16, 2020, Plaintiff filed the complaint. On July 17, 2020, Ellison announced Lowe's would require everyone in its stores to wear face coverings. He described the mask requirement as part of the "responsibility" Lowe's owed to "customers . . . to help provide a safe shopping experience . . . [f]or the safety of everyone in our stores." Sohigian Dec., Ex. 2.

Ellison's announcement made clear that he is personally responsible for the policy of Lowe's regarding masks for safety in its California stores, both before and after the assault

16

on Plaintiff. Before and after the events alleged in the Complaint, Ellison knew California law required masks, so any policy he set would cause an effect in California. The July 17, 2020, announcement emphasized the fact that Ellison was acting to cause an effect in California, particularly after Lowe's received the complaint a week earlier, supporting the exercise of specific personal jurisdiction over him as eminently fair and reasonable.

### 2. Specific jurisdiction over Ellison is fair and reasonable.

Under the test developed by the Ninth Circuit, if the plaintiff establishes the first two prongs of the test of specific personal jurisdiction, the burden shifts to the defendant to show the exercise of jurisdiction would not be reasonable. *Kellman v. Whole Foods, supra,* 313 F.Supp.3d at 1045; *see also*, *Picot*, supra, 780 F.3d at 1212). Courts consider seven factors in determining if exercising personal jurisdiction is reasonable: "(1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum." *Bancroft & Masters*, *Inc. v. Augusta Nat. Inc*., 223 F.3d 1082, 1088 (9th Cir. 2000) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) ). It is the defendant's burden to raise and address these factors in the first instance. *Id.* at 1089.

Ellison does not address the seven factors above. Instead, he merely asserts Plaintiff failed to meet his burden of establishing a prima facie case under the first two elements of the test. Plaintiff met his burden; therefore, specific personal jurisdiction exists. This Court should deny Ellison's motion to dismiss.

## IV.  THERE ARE NO GROUNDS TO DISMISS RENDEROS.

A review of the Complaint's allegations defeats the perfunctory contentions Renderos makes in support of his motion to dismiss. Renderos asserts Plaintiff fails to tie him to the alleged fraudulent representations that "our customers' health is our priority during the

17

COVID-19 virus," broadcast on radio and on a continuous recorded loop inside the store. Renderos, as a manager, knew Defendants made this false representation and affirmed its falsity by (1) encouraging maskless invitees to enter his store in violation of the Mask Order; (2) making no attempt to have such customers put on masks; (3) making no effort to protect customers from maskless patrons wandering the store freely; (4) directing his employees not to warn customers that the preceding was the store's policy and practice; (5) directing employees not to aid victims of criminal assaults in the store in any way; (6) directing employees not to call the police even after a spitting attack; (7) refusing to speak to Plaintiff until Plaintiff specifically requested to make a report to Renderos; (8) failing and refusing to make a written report of the attack on Plaintiff; (9) as evidenced by Plaintiff's telephone conversation the following morning with Lowe's general counsel, failing even to notify a superior of the attack. See Declaration of John Birke, ¶ 3.

These same acts establish Renderos' complicity in the false statement, posted at the store entrance, that Lowe's "complied with all applicable recommendations to protect its employees and customers from COVID-19." *Id*.

Plaintiff alleges Renderos was the manager of the West Hills store where and when Plaintiff was attacked. Complaint, ¶ 4. Plaintiff also alleges Renderos was acting as a representative, agent, or employee of the other defendants. Complaint, ¶ 8.

These are allegations of ultimate fact, which are all that is required; a plaintiff need not plead evidentiary facts supporting his ultimate factual allegations. *Birke v. Oakwood Worldwide, supra,* 169 Cal.App.4th at 1548-1549 (citations omitted).

As to the fraud allegations, there are "certain exceptions which mitigate the rigor of the rule requiring specific pleading of fraud. Less specificity is required when it appears from the nature of the allegations that the defendant must necessarily possess full information concerning the facts of the controversy. Even under the strict rules of common law pleading, one of the canons was that less particularity is required when the facts lie more in the knowledge of the opposite party." *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 217 (internal quotations and citations omitted);

*Tarmann v. State Farm Mut. Auto. Ins. Co*. (1991) 2 Cal.App.4[th] 153, 158. The Complaint's allegations are sufficient to define the subject of the fraud cause of action and provide notice to Renderos and his co-defendants. *Committee on Children's Television*, *supra*, 35 Cal.3d at 217-218.

Plaintiff is not required to plead the evidentiary fact that Renderos was aware that the maskless shopper that spat in Plaintiff's face was in the store. Renderos is free to assert in answering the Complaint that he did not know, although whether it constitutes a defense remains to be seen. Renderos had actual and constructive knowledge that the store welcomed maskless customers and Renderos and his co-defendants would do nothing to deter them or require them to don masks once inside. That was Defendants' policy and the practice of those Renderos managed on June 28, 2020 – 10 days after the Mask Order was issued.

## V.    CONCLUSION

This Court should remand this matter to Superior Court. But even if it does not remand, the Court should deny the Motions to Dismiss. Plaintiff has stated cognizable legal theories of recovery against all Defendants and has alleged sufficient facts to support those theories.

Dated: October 22, 2020                    LAW OFFICE OF MICHAEL R. SOHIGIAN


By:

Michael R. Sohigian
Attorneys for Plaintiff, JOHN BIRKE

19

1
2

**PROOF OF SERVICE**
**Code of Civil Procedure §§ 1013a, 2015.5**

3

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action. My business address is 9420 Wilshire Boulevard, 2nd Floor, Beverly Hills, CA 90212. On October 22, 2020, I served the following document(s): MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO DEFENDANTS' THREE MOTIONS TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(d); DECLARATION OF JOHN BIRKE IN SUPORT OF OPPOSITION TO THREE MOTIONS TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(d); DECLARATION OF MICHAEL R. SOHIGIAN IN SUPORT OF OPPOSITION TO THREE MOTIONS TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(d)

4
5
6
7
8

9

_____ By placing the document(s) listed above in a sealed envelope, addressed as set forth below, and placing the envelope for collection and mailing in the place designated for such in our offices, following ordinary business practices.

10

11

_____ By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

12

13

_____ By causing a true copy thereof to be personally delivered to the person(s) at the address(es) set forth below.

14

15

_____ By electronically serving the document(s) described above via a Court approved File & Serve vendor on those recipients designated on the Transaction Receipt located on the vendor's website.

16

17

__X__ By electronically serving the document(s) to the electronic mail address set forth below on this date pursuant California Rules of Court, rule 2.251, subd. (c)(3).

18
19

Stephanie Forman, Esq.
Tharpe & Howell, LLP
15200 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403

20

I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

21
22
23

24

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

25

26

Executed on October 22, 2020, at Beverly Hills, California.

27

28

_____
                              Michael R. Sohigian

20