1  STEPHANIE FORMAN, ESQ.; STATE BAR NO.: 195757
   CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
2  ROGER W. BACKLAR, ESQ.; STATE BAR NO.: 225277
   ERIC B. KUNKEL, ESQ.; STATE BAR NO. 150841
3
4     **THARPE & HOWELL, LLP**
      **15250 Ventura Blvd., Ninth Floor**
      **Sherman Oaks, California 91403**
5     **(818) 205-9955; (818) 205-9944 fax**
      E-Mail:  sforman@tharpe-howell.com
6     E-Mail:  cmay@tharpe-howell.com
      E-Mail:  rbacklar@tharpe-howell.com
7     E-Mail:  ekunkel@tharpe-howell.com

8  Attorneys for Defendants, LOWE'S HOME CENTERS, LLC, MARVIN R.
   ELLISON and LEVI RENDEROS
9
10                    UNITED STATES DISTRICT COURT

11          CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

12  JOHN BIRKE, an individual,                Case No.: 2:20-cv-09242 SVW (AGRx)
                                               [Assigned to District Judge Stephen V.
13                 Plaintiff,                  Wilson; Magistrate Judge Alicia G.
                                               Rosenberg]
14  v.
                                              [*Los Angeles County Superior Court Case
15  LOWE'S HOME CENTERS, LLC, a              No.: 20CHCV00510*]
    North Carolina limited liability
16  company; MARVIN R. ELLISON, an          **MEMORANDUM OF POINTS AND**
    individual; LEVI (Last name unknown)    **AUTHORITIES IN OPPOSITION TO**
17  an individual; and DOES 1-100,          **PLAINTIFF'S MOTION TO REMAND**
    inclusive,                              **ACTION TO THE SUPERIOR COURT**
18                                           **FOR LOS ANGELES COUNTY**
                   Defendants.
19                                          **Date:   November 16, 2020**
                                            **Time:   1:30 p.m.**
20                                          **Crtrm:  10**

21

22

23  TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24          Defendants  LOWE'S  HOME  CENTERS,  LLC,  ("Lowe's"),  MARVIN  R.

25  ELLISON and LEVI RENDEROS ("Renderos") herewith submit their memorandum

26  of points and authorities in opposition to Plaintiff's motion to remand this action to

27  the Superior Court for Los Angeles County.

28  ///

# **TABLE OF CONTENTS**

I.    INTRODUCTION AND FACTUAL BACKGROUND.......................................1

II.   ARGUMENT .........................................................................................3

  A.  Plaintiff's Motion to Remand Offers No Tenable Theory of Liability as
      to Renderos. ...................................................................................3

  B.  Renderos Had No Obligation to Enforce Executive Orders Relating to
      the COVID-19 Pandemic and Is Immune If He Did. .............................4

            1.    Renderos had no duty to enforce the emergency mask
                  orders. ...............................................................................5

      2.    Even if the emergency orders required Renderos to enforce them, he
            is immune from liability for failing to do so. ..................................6

  C.  Birke Has Failed to Allege Any Actionable Harm Caused by Any Act or
      Omission of Renderos. ......................................................................7

            D.    Renderos Cannot Be Liable to Plaintiff for Fraud. ......................11

                  1.    Renderos did not make any statement to Plaintiff. .................11

                  2.    The alleged representations are not actionable in any event. ......12

                  3.    Birke suffered no harm as a result of his reliance on any
                        representation. ..............................................................12

      E.    Birke Cannot Prevail on His Negligence Cause of Action Against
            Renderos. ...................................................................................13

      F.    Birke Cannot Prevail on His Public Nuisance Claim Against
            Renderos. ...................................................................................14

            1.    Renderos did not create a condition harmful to public
                  health. ...............................................................................14

      2.    There is no causal relationship between the nuisance allegedly created
            by Renderos and the harm plaintiff allegedly suffered. .....................15

      3.    Birke cannot show that any alleged nuisance created a "substantial
            and unreasonable" threat. ..............................................................16

      4.    Birke cannot show special injury to himself different in kind from that
            suffered by the general public. ........................................................17

  G.  Birke Cannot Prevail on Any Claim Against Renderos and His Joinder
      Is Fraudulent. ..................................................................................18

III.  BIRKE'S REQUEST FOR COSTS AND FEES SHOULD BE DENIED ........18

IV.   CONCLUSION .......................................................................................21

# TABLE OF AUTHORITIES

## CASES

*Adams v. Paul*, 11 Cal.4th 585 (1995)............................................................16

*Albion Pac. Prop. Res., LLC v. Seligman,* 329 F.Supp.2d 1163 (N.D. Cal. 2004) ...................................................................................................20

*Ambriz v. Kelegian,* 146 Cal.App.4th 1519 (2007) .......................................9

*Beck Dev. Co. v. S. Pac. Trans. Co.,* 44 Cal.App.4th 1160 (1996)...........16

*Beckwith v. Dahl,* 205 Cal.App.4th 1039 (2012)..........................................12

*Canadian-American Oil Co. v. Delgado,* 1997 U.S. App. LEXIS 5120 (9th Cir. 1997) .............................................................................................4

*Citizens for Odor Nuisance Abatement v. City of San Diego*, 8 Cal.App.5th 350 (2017) ................................................................................16

*Espinosa v. Little Co. of Mary Hospital*, 31 Cal.App.4th 1304 (1995)......10

*Gardner v. UICI*, 508 F.3d 559 (9th Cir. 2007) ..........................................19

*GranCare, LLC v. Thrower*, 889 F.3d 543 (9th Cir. 2018)...........................18

*Helix Land Co., Inc. v. City of San Diego,* 82 Cal.App.3d 932 (1978)........16

*Hensley v. Eckerhart,* 461 U.S. 424 (1983).................................................20

*Herbert v. Regents of Univ. of Cal.,* 26 Cal.App.4th 782 (1994)...............14

*Horne v. United States Dep't of Agric.*, 2009 U.S. Dist. LEXIS 115464 (E.D. Cal. 2009)........................................................................................4

*Huffman v. Saul Holdings Ltd. Partnership,* 262 F.3d 1128 (10th Cir. 2001)..........................................................................................................20

*Jensen v. Hernandez,* 864 F.Supp.2d 869 (E.D. Cal. 2012).......................4

*Kempton v. City of Los Angeles,* 165 Cal.App.4th 1344 (2008) ...............17

*Kentucky Fried Chicken of Cal., Inc. v. Superior Court*, 14 Cal.4th 814 (1997)..........................................................................................................9

*Kerins v. Hartley,* 27 Cal.App.4th 1062 (1994) ..........................................14

*Kesner v. Superior Court*, 1 Cal.5th 1132 (2016) .......................................9

*LaBadie v. State of Cal.,* 208 Cal.App.3d 1366 (1989)................................7

*Lim v. The TV Corp. Int'l,* 99 Cal.App.4th 684 (2002) ...............................12

*Macy's Cal., Inc. v. Superior Court,* 41 Cal.App.4th 744 (1995)...............14

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

OPPOSITION TO MOTION TO REMAND CASE TO SUPERIOR COURT

*Martin v. Franklin Capital Corp.,* 546 U.S. 132 (2005) ................................. 18, 19, 20

*Martinez v. Vintage Petroleum*, 68 Cal.App.4th 695 (1998) ........................................ 9

*McCabe v. Gen. Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987) ................................ 3, 18

*OpenGov, Inc. v. GTY Tech. Holdings Inc.*,  2019 U.S.Dist.LEXIS
        32398 (N.D. Cal. 2019) ................................................................................ 3

*People ex rel. Gallo v Acuna*, 14 Cal.4th 1090 (1997) ............................................. 16

*Philipson & Simon v. Gulsvig,* 154 Cal.App.4th 347 (2007) .................................... 13

*Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313 (9th Cir. 1998) ..................................... 3

*Semegen v. Weidner*, 780 F.2d 727 (9th Cir. 1985) ................................................. 11

*Service by Medallion, Inc. v. Clorox Co.*, 44 Cal.App.4th 1807 (1996) .................... 11

*Sinclair v. Burlington N. & Santa Fe Ry. Co.,* 2008 U.S. Dist. LEXIS
        135846 (D. Mont. 2008) ............................................................................. 4

*Sprewell v Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ............................ 4

*Taulbee v. EJ Distribution Corp.,* 35 Cal.App.5th 590 (2019) .......................... 13, 14

*Thousand Trails, Inc. v. Cal. Reclamation Dist. No. 17,* 124 Cal.App.4th
        450 (2004) ................................................................................................. 7

*Venegas v. Mitchell,* 495 U.S. 82 (1990) ............................................................ 20, 21

*Warthman v. Genoa Twp. Bd. of Trs.,* 549 F.3d 1055 (6th Cir. 2008) ..................... 20

*Wilson v. Houston Funeral Home,* 42 Cal.App.4th 1124 (1996) ............................. 12

**STATUTES**

28 U.S.C. § 1447 ................................................................................................ 18, 20

California *Civil Code* section 3479 ............................................................................ 14

California *Civil Code* section 3493 ............................................................................ 17

California *Evidence Code* section 669 ................................................................... 5, 13

California *Government Code* section 8625 ................................................................. 6

California *Government Code* section 8655 ................................................................. 7

California *Government Code* section 8657 ................................................................. 7

California *Government Code* sections 8550 *et seq.* ..................................................... 6

*Federal Rules of Civil Procedure*, Rule 9(b) ............................................................ 11

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- iii -

**OPPOSITION TO MOTION TO REMAND CASE TO SUPERIOR COURT**

1

## **TREATISES**

2   PHILLIPS & STEVENSON, FED. CIV. PRO. BEFORE TRIAL, CAL. &
       9TH CIR. EDS., § 2:3802 (The Rutter Guide 2020).......................................18, 19
3
    PHILLIPS & STEVENSON, FED. CIV. PRO. BEFORE TRIAL, CAL. &
4       9TH CIR. EDS., § 2:3806 (The Rutter Guide 2020)...........................................19

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THARPE & HOWELL, LLP**
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**OPPOSITION TO MOTION TO REMAND CASE TO SUPERIOR COURT**

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND FACTUAL BACKGROUND

On June 28, 2020, while at a Lowe's store in West Hills, CA, plaintiff John Birke ("Birke" or "Plaintiff") saw another customer who was not wearing a face covering.   Rather than exercising reasonable care for his own safety by socially distancing himself from the other customer while going about his business, Birke made the decision to confront the other customer, hector him for his failure to wear a mask, and pursue him through the store to force him to wear a mask. Ultimately, according to Birke, this other customer spit on him.   Birke continued to pursue the man throughout the store. Forty-five minutes after the alleged incident, Birke reported the encounter to Lowe's Assistant Store Manager Levi Renderos.

In July 2020, Birke filed suit against Lowe's in Los Angeles Superior Court, pleading causes of action for fraud and public nuisance. Notice of Removal, ¶ 27 [Doc. 1, Page ID #9]. (Birke subsequently amended that Complaint to add defendant Ellison, a resident of North Carolina.) Lowe's removed the matter to the United States District Court for the Central District under Case No. 2:20-cv-00746. *Id*. That same day, Birke filed a Notice of Voluntary Dismissal and advised counsel for Lowe's that he would be re-filing the case in state court but would name a local defendant to defeat diversity. *Id.*; Notice of Removal, Ex. G [Doc. 1-7, Page ID #69].

Birke filed the instant action on September 1, 2020, in Los Angeles Superior Court, this time naming not only defendant Ellison, but also defendant Renderos (sued as "Levi (Last name unknown)"). In this second suit Birke pleads causes of action for fraud and public nuisance, but also adds a count of negligence based on a negligence *per se* theory.

Birke, opportunistically taking advantage of the current pandemic, wants this to be a case about COVID-19. Each of his causes of action is premised—at its core—on the contention that Lowe's and its employee Renderos failed to protect him from COVID-19. And the entire action fails as to Renderos (and all other defendants)

- 1 -

**OPPOSITION TO MOTION TO REMAND CASE TO SUPERIOR COURT**

because Birke admits he never contracted the virus.

On the other hand, Birke's Motion to Remand makes clear at every step that what this case is really about is a run-of-the-mill third-party intentional tort. He makes clear over and over again that what he is really suing over is the failure of Lowe's— and Renderos—to protect him from being spit on by an unknown third-party in a confrontation Birke himself instigated. And as to all defendants—but most certainly as to Renderos—plaintiff's Complaint fails on all counts because they are premised on the alleged failure of Lowe's and Renderos to enforce emergency mask orders and thus protect him from COVID-19. They fail because he never got COVID-19 and alleged third-party tort did not occur as the result of any failure to protect him from COVID-19.

Beyond this fatal disconnect that strikes directly at the core of Birke's complaint and his effort to hold Renderos personally liable, Plaintiff's Motion to Remand ignores other equally fatal flaws. Birke ignores the fact that emergency mask orders on which he relies placed no affirmative duty on Renderos to enforce them.  Moreover, because the emergency orders in question were issued pursuant to Executive authority granted under the California Emergency Services Act ("CESA"), Renderos is immune from liability for any act or omission in attempting to carry out the orders. Lastly, Birke's entire Complaint fails as to Renderos because he cannot establish essential elements of his causes of action.

Accordingly, as Plaintiff's counsel tacitly acknowledged when he dismissed the original action and advised that he intended to refile and name a non-diverse defendant, Renderos is a "sham" defendant fraudulently joined for the sole purpose of defeating diversity.

///

///

///

///

**OPPOSITION TO MOTION TO REMAND CASE TO SUPERIOR COURT**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1

## II.    ARGUMENT

### A.    Plaintiff's Motion to Remand Offers No Tenable Theory of Liability as to Renderos.

Joinder is deemed fraudulent—and thus a motion to remand should be denied—where the plaintiff fails to state a cause of action against the non-diverse defendant, and that failure is obvious according to the well-settled rules of the state. *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  In deciding whether joinder is fraudulent, "the defendant should able to show that the individual's joined in the action cannot be liable on any theory." *Ritchey,* 139 F.3d at 1318.

Below, Defendants set forth substantial argument and legal authority showing that Defendant Renderos cannot be liable to Birke on any theory under the well-settled rules of this state, and that failure is evident from the face of the Plaintiff's Complaint. Moreover, because the Complaint fails to reveal a viable theory of liability against Renderos, Plaintiff's Motion to Remand should at a minimum articulate some viable theory of liability to establish that Renderos' joinder was not fraudulent. See, e.g., *OpenGov, Inc. v. GTY Tech. Holdings Inc.*,  2019 U.S.Dist.LEXIS 32398, at *20 (N.D. Cal. 2019) [Noting that the plaintiff's motion for remand specified its theory of liability against the non-diverse defendant more succinctly than the complaint].

Birke's Motion to Remand, on the other hand, fails to set forth any coherent theory of liability as to Renderos. Instead, Birke offers only generalized statements of the law of negligence: broad recitations of the principle that all persons are liable for harms caused by their want of ordinary care; general statements about the law of foreseeability; general propositions about the policy of preventing future harm; general statements of the law of agency, and general statements about the duty of store managers. Motion, p. 10, ln. 1-p. 12, ln. 12.  As to factual allegations, Birke can only point to conclusory allegations that "all defendants directed, executed, approved, and ratified the decisions of the other defendants to obstruct, evade, and actively

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

undermine the Governor's June 18, 2020 emergency order requiring masks and face coverings." Motion, p. 10, ln. 16-19.   Mere conclusory allegations, unwarranted deductions of fact, and unreasonable inferences are not entitled to the assumption of truth. *Sprewell v Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); see also *Canadian-American Oil Co. v. Delgado,* 1997 U.S. App. LEXIS 5120, at *4 (9th Cir. 1997) [to establish a viable claim plaintiff must offer specific facts, not conclusory allegations].

While Birke's generalized propositions of law are true enough as far as they go, what they do not do is set forth a tenable, coherent theory as to how Renderos can be liable for fraud, public nuisance, or negligence *per se* (or under any other legal theory), for what amounts to nothing more than an independent third-party tort arising out of a dispute between two customers. "When a party makes a legal assertion and fails to support the assertion with authority, … [a federal district court] may deem the argument abandoned." *Jensen v. Hernandez,* 864 F.Supp.2d 869, 922 (E.D. Cal. 2012).   It may also find the moving party has failed to meet its burden in that instance. *Horne v. United States Dep't of Agric.*, 2009 U.S. Dist. LEXIS 115464, *47 (E.D. Cal. Dec. 9, 2009)(plaintiffs' failure to cite authority and argument meant they failed to carry their burden).   Further, those principles apply to a motion to remand.   The failure to support a claim with authority in such a motion "is an admission that the argument is not well taken." *Sinclair v. Burlington N. & Santa Fe Ry. Co.,* 2008 U.S. Dist. LEXIS 135846, *12-13 (D. Mont. Apr. 15, 2008).   Thus, Birke's Motion to Remand should be denied because, as set forth below, Renderos cannot be liable to him under any legal theory, and he has failed to offer facts, law, or colorable argument to the contrary.

## B.   Renderos Had No Obligation to Enforce Executive Orders Relating to the COVID-19 Pandemic and Is Immune If He Did.

While Birke spilled a fair amount of ink reciting well-known law relating to removal and the standard by which fraudulent joinder is assessed, he ultimately

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 4 -

ignores any of the issues raised in Lowe's Notice of Removal as the basis for its argument that Renderos' joinder is fraudulent. Notice of Removal, ¶¶ 17-29 [Doc. 1, Page ID #5-9].  In particular, Birke makes no effort to address the fact that Renderos— as well as Defendants Lowe's and Ellison—had no duty to enforce any emergency orders pertaining to face coverings, and that he is immune from liability for any act or omission in carrying out or attempting to carry out emergency orders promulgated under the California Emergency Services Act (CESA).

### 1. Renderos had no duty to enforce the emergency mask orders.

As discussed in the motions to dismiss brought by all defendants (and which will be heard concurrent with this Motion to Remand), each of Birke's causes of action arise from the alleged failure of Lowe's and its employee Renderos to enforce emergency executive orders which he believes created an obligation to force the unknown customer to wear a mask.  According to Birke, the failure to enforce the mask requirement shows Lowe's representations that it valued customer health were fraudulent. Failure to enforce the mask order created an unhealthful condition that amounted to a public nuisance. The mask orders are the predicate "statute, ordinance, or regulation," of Plaintiff's negligence *per se* claim. Cal. *Evid. Code* § 669.

The orders in effect at that time, and on which Birke relies (see Appendix of Exhibits in support of Motions to Dismiss ("Appendix"), Exs. C-H [Docs. 9-7 to 9-12]), required "People in California" to wear a mask when inside a public building (Appendix Ex. C [Doc. 9-7]).  The orders placed the burden on the individual citizen. Had the Governor or any executive agency intended to create private enforcement obligations, the orders could have and should have done so expressly. In order to defeat diversity, therefore, Birke seeks to hold Renderos liable for failing to enforce executive orders he had no duty to enforce. Birke has not, and cannot, point to an order <u>in effect as of June 28, 2020</u>, that expressly imposed enforcement obligations on Lowe's, let alone its employee Renderos, or which provided private persons and entities with any guidance on enforcement or penalties for non-enforcement.  Orders which, as here, do

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 5 -
**OPPOSITION TO MOTION TO REMAND CASE TO SUPERIOR COURT**

little more than state "people need to wear masks," are simply insufficient to support a legally cognizable claim because they provide no guidance to the person to be held liable and they provide no guidance to a court called upon to adjudicate the claim.

Moreover, both the order addressing the wearing of masks relied on by Birke, issued on June 18, 2020 (see Appendix, Ex. C [Doc. 9-7]), and others, provide for specific exceptions including for persons who have a physical or psychological condition excusing them from wearing a mask. *See id.,* and Appendix, Ex. H [Doc. 9-12]. Were Lowe's and its employees to comply with Birke's demand that the executive orders be enforced without exception, Lowe's and its employees would be in *direct violation* of the executive orders. (Moreover, because the mask orders create specific exceptions, the bare allegation, without more, that a customer was in the store without a mask does not by itself even establish a violation of any order.)

In short, none of the orders Birke points to in effect at the time required retail employees to compel every customer to wear a face covering.[1]  Birke seeks to have the courts read such a requirement into the orders with no evidence to support that position, and then seeks to punish a retail employee for not making someone else put a mask on. That is the entire basis of his claim against Renderos, and it fails on all counts.

## 2. Even if the emergency orders required Renderos to enforce them, he is immune from liability for failing to do so.

As noted in Defendant Lowe's motion to dismiss [Doc. 9, Page ID #110-116], the California Emergency Services Act ("CESA"), *Cal. Gov't Code* §§ 8550 *et seq.,* empowers the Governor to proclaim a state of emergency, *id.* at § 8625, and requires him to "promulgate, issue, and enforce such orders and regulations as he deems

---

[1] The Centers for Disease Control ("CDC") has in fact issued guidance to retailers on preventing workplace violence associated with enforcing COVID-19 prevention guidelines.  See Appendix to Lowe's Motion to Dismiss, Ex. T [Doc. No. 9-24]. In order to reduce the risk of violence to retail employees, the CDC expressly warns <u>against</u> forcing customers to wear masks or follow other COVID-19 prevention guidelines if they refuse to comply. *Id.,* page ID # 261.

necessary." *Id.* at § 8567. Under those powers, the Governor proclaimed a state of emergency resulting from the COVID-19 pandemic, and thereafter issued executive orders, including N-25-20, N-33-20 and N-60-20. Appendix, Exs. C-H [Docs. 9-7 to 9-12]. He also empowered the State Public Health Officer "to take any action she deems necessary to protect public health." *Id.,* Ex. G [Doc. 9-11]. The mask order was promulgated by the Department of Public Health pursuant to the Governor's powers under the CESA. *Id.,* Ex. C [Doc. 9-7].

Section 8655 of the California *Government Code* grants immunity to the state and its political subdivisions for any act or omission during the course of carrying out emergency orders issued under the CESA. Cal. *Gov't Code* § 8655; *see also Thousand Trails, Inc. v. Cal. Reclamation Dist. No. 17,* 124 Cal.App.4th 450, 458 (2004); *LaBadie v. State of Cal.,* 208 Cal.App.3d 1366 (1989). Pursuant to Section 8657, persons (not limited to government actors) "duly impressed into service" during a state of emergency "shall have the *same degree* of responsibility for their actions and enjoy the *same* immunities as officers and employees of the state …," whether in "carrying out, complying with, or attempting to comply with, any order or regulation issued or promulgated pursuant to the … [CESA]." Cal. *Gov't Code* § 8657(a).

Thus, even assuming Lowe's and its employee Renderos were impressed into service by the emergency order to enforce emergency public health orders, they are immune from liability for any act or failure to act in the course and scope of attempting to comply with those orders. Therefore, California *Government Code* section 8657 provides Renderos with immunity and a complete to defense to all of Plaintiff's causes of action. Therefore, Renderos is a sham defendant whose presence may be disregarded for purposes of determining subject matter jurisdiction.

## C. Birke Has Failed to Allege Any Actionable Harm Caused by Any Act or Omission of Renderos.

As to Renderos (and the other defendants), Birke's entire suit suffers from a fatal disconnect between his causes of action and the harm he actually suffered. Under

his fraud cause of action, Plaintiff claims he was promised that Lowe's valued its customer's health, and that promise proved false when a customer was allowed in the store without a mask thereby exposing him to a risk of catching COVID-19.  Nowhere, however, does Birke ever allege he contracted COVID-19, nor can he truthfully allege a likelihood of exposure to it. That would require facts showing the unknown customer actually had COVID-19 himself. Birke's public nuisance cause of action is premised on the claim that by allowing a maskless customer in the store, Renderos created a threat to public health through a heightened risk of exposure to COVID-19. But again, Birke did not get COVID-19 and cannot show he was ever exposed it. Birke's negligence *per se* cause of action is similarly premised on the claim that Lowe's had a duty under the emergency orders to enforce a mask requirement, and the failure to do so breached that duty. But the express purpose of the emergency orders was to prevent the spread of COVID-19, not prevent a third-party assault and battery. Birke did not get COVID-19 and cannot show he was ever exposed to it.

Accordingly, Birke's entire Complaint amounts to nothing more than three alleged torts in search of a harm. Without a harm, none of his complaints are actionable against Renderos or anyone else. A search through the entire complaint for the requisite harm that will establish *actionable* fraud, public nuisance, and negligence *per se* reveals the fundamental, fatal emptiness at the heart of this action.

And Birke knows it.  Which is why he is trying to use the excuse of the COVID-19 pandemic to bootstrap a third-party tort committed by a person he cannot find as the result of a dispute Birke himself instigated (which is also non-actionable against any of the defendants), into a COVID-19 cause célèbre against a deep pocket. Thus, while his Complaint focuses on COVID-19 and mask orders, Plaintiff's motion to remand makes abundantly clear that what this case is really about is the third-party tort and nothing more. And to succeed on that claim, he has to connect the dots of causation between his COVID-19 causes of action against Renderos, and the alleged assault and battery by expectoration. Yet Birke's Motion to Remand completely elides the lack of

OPPOSITION TO MOTION TO REMAND CASE TO SUPERIOR COURT

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

any such causal connection. The problem for Birke is that his claim that he was "attacked" at the store because of Renderos's failure to force all customers to wear masks (Motion, 4:6-14) is absurd on its face.

Whether one in possession of premises owes a duty to prevent harm is a question of law for the court. *Ambriz v. Kelegian,* 146 Cal.App.4th 1519, 1533 (2007). Moreover, "[c]ourts have determined that an actor has no legal duty to avoid harm that is not foreseeable." *Id.* That includes harm allegedly caused by the actions of third parties. *Id.* "The duty of a proprietor of a business establishment to business invitees generally includes a 'duty to take affirmative action to control the wrongful acts of third persons [that] threaten invitees <u>where the occupant has reasonable cause to anticipate such acts and the probability of injury resulting therefrom</u>.'" *Id.* (emphasis added) (citing *Kentucky Fried Chicken of Cal., Inc. v. Superior Court*, 14 Cal.4th 814, 819 (1997)). Where, as here, the third-party conduct is a highly unusual or extraordinary response to the situation, Renderos did not know and had no reason to know the third party would act in this way, and the kind of harm claimed by Birke is different from the kind of harm that could have been reasonably expected from Renderos' alleged conduct, there can be no liability. *Martinez v. Vintage Petroleum*, 68 Cal.App.4th 695, 700-702 (1998). "In determining whether one has a duty to prevent injury that is the result of third-party conduct, the touchstone of the analysis is the foreseeability of that intervening conduct." *Kesner v. Superior Court*, 1 Cal.5th 1132,1148 (2016).

Here, plaintiff has not, and cannot, allege any facts to suggest that a reasonable assistant manager in Renderos' position would have had cause to anticipate that allowing a customer into the store without a face covering (which itself is not prohibited by any emergency order) created more than a merely speculative risk that the unmasked individual would end up allegedly spitting on another customer. Masks are not intended to prevent such conduct. The emergency orders themselves make clear that the purpose of the mask is to slow the spread of COVID-19. If allowing a

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 9 -

customer in without a mask creates a risk of harm it is at best a *speculative* risk that the customer *might* have COVID-19 and *might* be infectious and *might* represent an increased risk of *inadvertently* infecting other customers. It certainly does not create a foreseeable risk that the customer will *intentionally* spit on anyone.

Neither in his Complaint nor in his Motion to Remand does Birke offer any facts to suggest that Renderos could have or should have foreseen that the alleged tort would follow from an alleged violation of the mask orders. He must offer *facts*, not mere legal conclusions, that it was foreseeable that Birke would confront the other customer and demand he put on a mask (rather than just follow the social distancing guidelines and keep his distance). Nor has Plaintiff offered any facts which, if true, would suggest that Renderos should have foreseen that, once rebuffed by the unmasked customer, Birke would continue to pursue him through the store, haranguing him and threatening to call the police, rather than just leaving him alone. Nor has Birke offered any facts to show that the Renderos could have and should have foreseen that the unmasked customer would ultimately became so enraged by Birke's harassment that he allegedly spit on him. This hyper-attenuated chain of causation strains foreseeability and credulity beyond all reason.

Therefore, Birke has failed to offer any cognizable theory for how Renderos' alleged tortious failure to enforce the mask orders was a substantial factor in causing the unknown customer to allegedly spit on him. The test for causation is whether the conduct in question is a "substantial factor" in bringing about the result, and this requires a showing that the conduct was something more than "a slight, trivial, negligible, or *theoretical* factor." *Espinosa v. Little Co. of Mary Hospital*, 31 Cal.App.4th 1304, 1314 (1995). This causal chasm is simply too far for Birke to cross in this case yet cross it he must if he intends to offer a viable legal theory of liability as to Renderos.

///

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**OPPOSITION TO MOTION TO REMAND CASE TO SUPERIOR COURT**

**D.      Renderos Cannot Be Liable to Plaintiff for Fraud.**

**1.      Renderos did not make any statement to Plaintiff.**

A complaint for fraud must allege, among other things, a knowingly false representation *by the defendant*. *Service by Medallion, Inc. v. Clorox Co.*, 44 Cal.App.4th 1807, 1816 (1996). Here, Birke alleges that Lowe's advertised to the public that customer health and safety was a priority, and broadcast this fact over its public address system. Complaint, ¶¶ 3, 16 [Doc. 1-1, Page ID #17, 21]. He alleges that he relied on these representations when he entered the store. Complaint, ¶¶ 4, 28 [Doc. 1-1, Page ID #17, 23]. Birke also points to notices at the store entrance that Lowe's complied with all recommendations regarding protecting customers and employees from COVID-19. Complaint, ¶ 15 [Doc. 1-1, Page ID #20].

Nowhere, however, does Birke allege that Renderos made any statement, of any kind, at any time. Uncertain, merely conclusory allegations of conduct by all "Defendants," or allegations that defendants were the agents and employees of each other, are insufficient to establish liability. This is especially true of a complaint alleging fraud, which must satisfy the particularity requirement of *Fed. R. Civ. P.* 9(b). Allegations of fraud must be pled with specificity to "give defendants notice of the particular conduct alleged to constitute the fraud charge," and to "prohibit a plaintiff from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Id*. *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

While a business may in some instances be vicariously liable for the torts of its employees, Birke offers no legal authority for the proposition that Renderos may be held vicariously liable in fraud for alleged representations by his corporate employer. Renderos can only be liable in fraud for his own statements. Because Plaintiff has failed to offer any specific, *factual* allegations which, if true, would allow any of the representations to be attributed to Renderos *personally*,  he has failed to offer any viable theory under which Renderos may be liable to Birke for fraud.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 11 -

### 2.  The alleged representations are not actionable in any event.

Representations that Lowe's "values the health of its customers," that the "its customers' health is a priority," or that it complies will "all guidelines" to protect customer health and safety (without any specification of what guidelines are being referenced), are simply too vague and general to be actionable as fraud or to induce reliance. *Lim v. The TV Corp. Int'l,* 99 Cal.App.4th 684, 694 (2002). Generalized or unspecific assertions, such as one's general commitment to *a course of conduct* or an *aspiration* to the accomplishment of a goal, are simply not actionable. *See, e.g., Wilson v. Houston Funeral Home,* 42 Cal.App.4th 1124, 1139 (1996) (representation funeral services would be "dignified and respectful" noted to be "too general and amorphous to serve as the basis for a fraud cause of action.") This is self-evident in this case, where the fact that a customer entered the store without a mask does not actually prove any of the representations false, which is the gravamen of a fraud claim.

### 3.  Birke suffered no harm as a result of his reliance on any representation.

Even if Birke could show that Renderos was responsible for the allegedly fraudulent statements, what he has not and cannot show is that his reliance on those alleged statements was a substantial factor in cause the harm he actually suffered. *Beckwith v. Dahl,* 205 Cal.App.4th 1039, 1061 (2012). And for all the reasons previously discussed, there simply is no legally tenable causal connection between the alleged fraud and the alleged harm.

Again, Birke's entire fraud cause of action is premised on the theory that Lowe's promised it valued his health, but that Renderos instead allowed in a customer without a mask, which therefore exposed him to a risk of contracting COVID-19. Except Birke did not contract COVID-19. Nowhere in his complaint does he ever allege he suffered any illness or symptoms, or that he even tested positive. Thus, he never suffered the harm that was to be apprehended from his alleged reliance on Lowe's statements. Moreover, a mere possibility of harm (i.e., a possibility that he might have been

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 12 -

exposed to COVID-19) is not actual harm, and therefore entirely inadequate to support a recovery. *Philipson & Simon v. Gulsvig,* 154 Cal.App.4th 347, 364 (2007).

**E.      Birke Cannot Prevail on His Negligence Cause of Action Against Renderos**.

Birke's negligence cause of action against defendants, including Renderos, sounds in negligence *per se*, and he relies on the emergency mask orders as the predicate "law" to establish duty and breach. Complaint, ¶ 45 [Doc. 1-1, Page ID #27]. First, negligence *per se* is not a cause of action, but merely an evidentiary presumption created by California *Evidence Code* § 669, which creates a presumption of negligence based on a violation of a "statute, ordinance, or regulation." To prevail on a negligence claim against Renderos under this theory, Birke must show that (1) Renderos violated a "statute, ordinance, or regulation"; (2) the violation was a legal cause of injury; (3) the injury resulted from an occurrence the nature of which the statue, ordinance, or regulation was designed to prevent; and (4) the person suffering the injury was one of a class of persons for whose protection the statute, ordinance, or regulation was adopted. *Taulbee v. EJ Distribution Corp.,* 35 Cal.App.5th 590, 596 (2019).

Nowhere in his Motion to Remand does Birke cite to authority for the proposition that an emergency executive order can serve as the predicate for a negligence *per se* claim. It is not a "statute, ordinance, or regulation." And, as noted above, because the emergency orders do not include any private enforcement mandate, Renderos' alleged failure to enforce them at the store was not a violation, and therefore cannot give rise to any presumption of negligence.

More importantly, plaintiff's negligence cause of action against Renderos fails because plaintiff has not and cannot allege facts showing that the harm he allegedly suffered "resulted from an occurrence the nature of which the statute, ordinance, or regulation was designed to prevent." *Taulbee,* 35 Cal.App.5th at 596.  By plaintiff's own repeated admissions, the emergency executive orders were designed to prevent or reduce the spread of COVID-19. Plaintiff did not get COVID-19. Nothing in the

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 13 -

orders suggests they were designed to prevent people from spitting on each other. The question of whether or not the harm was one the predicate statute, regulation, or ordinance was designed to prevent is one that the Court can and should decide as a matter of law. *Ibid.* Here, because the emergency orders were not designed to prevent assault by expectoration, Birke's negligence claim against Renderos fails as a matter of law.

Moreover, as discussed more fully above, any alleged failure by Renderos to enforce the mask order was not a legal cause of the harm Birke claims to have suffered. The harm Birke allegedly suffered was the result of an independent third-party tort with no causal relationship to supposed lax enforcement of a mask order.

Lastly, a plaintiff cannot recover for *fear* experienced as a result of potential exposure to a disease unless that fear is supported by reliable medical or scientific evidence that he or she is more likely than to actually suffer the negative effects of the disease. *Macy's Cal., Inc. v. Superior Court,* 41 Cal.App.4th 744, 750 (1995); *Herbert v. Regents of Univ. of Cal.,* 26 Cal.App.4th 782, 784-88 (1994); *Kerins v. Hartley,* 27 Cal.App.4th 1062, 1073-74 (1994). Since Birke never contracted COVID-19 and cannot even truthfully allege he was even exposed to it, he can never make the showing necessary to recover damages based solely on a fear of exposure.

Birke cannot prevail on his negligence cause of action against Renderos.

**F.     Birke Cannot Prevail on His Public Nuisance Claim Against Renderos.**

**1.     Renderos did not create a condition harmful to public health.**

To prevail against Renderos on this cause of action, Birke must show that Renderos, by acting or failing to act, created a condition that was harmful to public health. Cal. *Civ. Code* § 3479. First of all, it should be abundantly clear that the condition which is in fact harmful to public health is the COVID-19 virus. Renderos is not alleged to have created the virus or caused it to spread. What plaintiff really seeks to charge Renderos with is failing to enforce orders issued by the government to

mitigate an already existing public health risk he did not create. True or not, that is not actionable as a public nuisance. It is worth noting that the mask orders themselves exempt people from the mask mandate, which only underscores the fact that the nuisance/threat to public health is not the presence or absence of a mask, but the virus itself. And Renderos is not responsible for that.

The illogic of Birke's position is perhaps best underscored by remembering that masks are only one of many public health recommendations to combat the spread of COVID-19. Other measures include regular hand washing, the use of hand sanitizer, social distancing, and self-isolate if one is experiencing symptoms or has a fever. People have been instructed on the proper and improper way to wear a mask.  None of these measures alone—including the direction to wear a mask—will guarantee that an individual will not become ill, they are merely measures which, taken together, can help slow the spread of the actual threat to public health. And all of them are in the control of the individual, not the retailer. Even masks have varying degrees of effectiveness depending on what they are made of and how they are worn.  We have all seen individuals in public wearing masks below their nose, which is about as effective at preventing disease transmission as not wearing one at all, but which is technically compliant.  All of this merely underscores the fact that an unmasked customer, who may or may not have the virus, is not in itself a condition that **is <u>necessarily</u>** harmful to public health.

> **2.      There is no causal relationship between the nuisance allegedly created by Renderos and the harm plaintiff allegedly suffered.**

Birke's public nuisance claim fails against Renderos for the same reason his entire complaint fails, a clear causal disconnect between the tort he pleads, and the tortious harm he allegedly suffered. "Causation is an essential element of a public nuisance claim. A plaintiff must establish a 'connecting element' or a 'causative link' between the defendant's conduct and the threatened harm." *Citizens for Odor*

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 15 -

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1  *Nuisance Abatement v. City of San Diego*, 8 Cal.App.5th 350, 359 (2017). Plaintiff

2  must show that Renderos' alleged conduct—in this case failing to ensure the unknown

3  customer wore a mask—was a substantial factor in causing his harm. *Id.*

4  In the case the alleged nuisance was the health threat posed by COVID-19, and,

5  in Birke's logic, the failure to enforce a measure intended to slow the spread of the

6  virus. Therefore, to be actionable as a nuisance, Birke must, at a minimum, allege facts

7  showing that he in fact suffered the type of harm to be apprehended by the predicate

8  nuisance.  Instead, Birke does not allege he ever contracted COVID-19, or even that

9  he was actually exposed to COVID-19. The best he can ever do is rely on the implicit

10  suggestion that the unknown customer *might* have had COVID-19, *might* have been

11  infectious, and *could have but did not* infect Birke. This is nothing more than

12  speculation of a possibility of harm. Actual harm is an essential element of a cause of

13  action for nuisance. *Helix Land Co., Inc. v. City of San Diego,* 82 Cal.App.3d 932, 950

14  (1978). Harms that are merely speculative are not actionable. *Adams v. Paul*, 11 Cal.4th

15  585, 598 (1995); see also *Beck Dev. Co. v. S. Pac. Trans. Co.,* 44 Cal.App.4th 1160,

16  1213 (1996) ["[a] mere possibility or fear of future injury" insufficient].

17  The harm he alleges was being spit on.  But whether or not failing to force a

18  customer to wear a mask increases the public health risk of COVID-19 transmission

19  in some small but measurable way, it does not cause that customer to spit on someone,

20  or rationally increase the risk that that customer will spit on someone. Whether or not

21  Renderos actually created the alleged public nuisance, there are no allegations that

22  would support a theory that he created a risk of being spit on.

### 3. Birke cannot show that any alleged nuisance created a "substantial and unreasonable" threat.

25  The other problem with Birke's public nuisance theory is that to prevail against

26  Renderos he must show that the threat to public health represented by the unmasked

27  individual was both "substantial and unreasonable." *People ex rel. Gallo v Acuna*, 14

28  Cal.4th 1090, 1103 (1997) ["Of course not every interference with a collective social

- 16 -

OPPOSITION TO MOTION TO REMAND CASE TO SUPERIOR COURT

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

interest constitutes a public nuisance. To qualify . . . the interference must be both substantial and unreasonable"]. Here, as discussed throughout, the threat to public health—as Birke himself admits—was the potential of COVID-19 transmission. But that potential is always there—as public health experts repeatedly tell us—even when we wear masks, practice social distancing, and wash our hands. Moreover, because the mask mandates contain exceptions, there is already an expectation that some people will be in public without masks. Therefore, the mere presence of an unmasked customer alone can never be a "substantial and unreasonable" threat to public health (at least not without proof the individual actually carried the virus). The allegations do not support a conclusion that Renderos' alleged failure to enforce the mask mandate created a risk of contracting COVID-19 that was any more substantial than Birke faced any time he left his house. Nor, conversely, can it be said that failing to enforce a mask mandate create a "substantial and unreasonable" risk that an unknown third-party would allegedly spit on Birke. Birke's own actions in choosing to confront the maskless customer rather than simply avoid him, created a far more substantial risk of harm than anything Renderos did or did not do.

### 4. Birke cannot show special injury to himself different in kind from that suffered by the general public.

Where an individual pursues a *public* as opposed to *private* nuisance cause of action, he or she must allege a special injury to himself different in kind from that suffered by the general public to be able to recover for a public nuisance. *Cal. Civ. Code* § 3493; *Kempton v. City of Los Angeles,* 165 Cal.App.4th 1344, 1349 (2008). Once again, the "special" harm Birke relies on is a third-party tort that has no causal relationship to the alleged nuisance condition. The only "harm" to be apprehended from the alleged nuisance—Renderos' alleged failure to enforce the mask orders— was a purely speculative increased risk of COVID-19 exposure (but only if the individual actually carried COVID-19 and was infectious).  And that speculative "harm" is identical in kind to that experienced by every other shopper in Lowe's that

OPPOSITION TO MOTION TO REMAND CASE TO SUPERIOR COURT

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

day and every single one of us that has encountered anyone without a mask in 2020.

For all of the reasons set forth above, Birke cannot offer a viable public nuisance theory of liability against Renderos.

### G.  Birke Cannot Prevail on Any Claim Against Renderos and His Joinder Is Fraudulent.

For all of the reasons stated above, Birke has not and cannot show that a state court would find that the complaint states a cause of action against the non-diverse defendant Renderos. *GranCare, LLC v. Thrower*, 889 F.3d 543, 549 (9th Cir. 2018). Therefore, because plaintiff fails to state a cause of action against the resident defendant Renderos, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent and may be disregarded for purposes of establishing this Court's diversity jurisdiction. *McCabe*, 811 F.2d at 1339. Accordingly, Birke's Motion to Remand should be denied.

## III.  BIRKE'S REQUEST FOR COSTS AND FEES SHOULD BE DENIED

Since Birke's Motion to Remand must be denied because he has no viable claim against Renderos and the latter's joinder was fraudulent, removal was justified. Therefore, Birke's request for costs and fees in moving to remand must also be denied. It is only when the Court actually orders remand that it has discretion to award costs and fees.  28 U.S.C. § 1447(c).

However, even if the Court concludes remand is warranted, it should not award costs and fees.  "There is *no* automatic entitlement to an [award] of attorney fees [or costs] on remand." PHILLIPS & STEVENSON, FED. CIV. PRO. BEFORE TRIAL, CAL. & 9TH CIR. EDS., § 2:3802 (The Rutter Guide 2020) [Emphasis Added].  To the contrary, section 1447(c) of Title 28 of the United States Code "provides … the court '*may* require payment of *just* costs and … attorney fees,' making an award [of such costs and fees] discretionary." *Id.* (citing *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136 (2005)) [Emphasis in Original].

"In deciding whether an award is 'just' under … [section] 1447(c), the key

**OPPOSITION TO MOTION TO REMAND CASE TO SUPERIOR COURT**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1  factor is the *propriety* of the removal ….." *Id.* at § 2:3803 [Emphasis in Original].

2  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) *only*

3  where the removing party lacked an objectively reasonable basis for seeking removal.

4  Conversely, when an objectively reasonable basis exists, fees should be denied."

5  *Gardner v. UICI,* 508 F.3d 559, 561 (9th Cir. 2007).  (citing *Martin,* 546 U.S. at 141).

6  Fees can also be denied even when a removal was objectively unreasonable, precisely

7  because they are discretionary.  PHILLIPS & STEVENSON, *supra,* § 2:3806.

8      Here, the removal of the suit by the defendants was at the very least objectively

9  reasonable. First, as noted above, there are reasonable arguments as to why all of

10  Birke's theories of liability fail as to Renderos, not least of which it lack of any causal

11  relationship between the alleged tortious acts and the alleged non-speculative harm.

12  Moreover, Birke's entire action invokes and implicates the fluid and sometimes

13  chaotic decision making by government agencies in the initial months of the COVID-

14  19 pandemic.  The entire action is premised on an issue—mask mandates—about

15  which there is no consensus and conflicting messaging. It has become a political

16  question as much as a public health question, and has sparked protests and even

17  violence. Against this background, the obligation of an unwitting assistant store

18  manager to enforce vague and uncertain emergency orders is one, as far as defendants

19  can tell, of first impression. Certainly given how objectively *unreasonable* plaintiff's

20  claims are, it cannot be said that it was objectively unreasonable for Lowe's to remove

21  that action on the grounds that Renderos was fraudulent joined. This is particularly

22  true given that Renderos was only named as a defendant after Lowe's removed the

23  original action and plaintiff's counsel dismissed it the very same day with an email

24  stating he intended to refile and name a resident defendant to avoid removal. Notice

25  of Removal, Ex. G [Doc. 1-7, Page ID #69].

26      The question is, at the very least, a close one.  Under such circumstances, a

27  reasonable litigant can rightly conclude the proper forum for the case is the federal

28  court.  *Gardner,* 508 F.3d 559 at 562.  "[T]here is no reason to suppose Congress

- 19 -

**OPPOSITION TO MOTION TO REMAND CASE TO SUPERIOR COURT**

meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases." *Martin,* 546 U.S. at 140. As the Sixth Circuit similarly instructed, "an award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was fairly supportable." *Warthman v. Genoa Twp. Bd. of Trs.,* 549 F.3d 1055, 1059 (6th Cir. 2008). The Court should therefore not award any costs or fees if it grants Birke's motion.

Nevertheless, should the Court decide to award costs and fees, it should not award the amount sought by Birke of $8,250.00. As reflected by the language in section 1447(c), the Court is only empowered to award "just" costs and fees. 28 U.S.C. § 1447(c). That means they must be reasonable. *Albion Pac. Prop. Res., LLC v. Seligman,* 329 F.Supp.2d 1163, 1166 (N.D. Cal. 2004)(citing *Huffman v. Saul Holdings Ltd. Partnership,* 262 F.3d 1128 (10th Cir. 2001)).

"A reasonable attorney fee is the number of hours and the hourly rate that would be billed by reasonably competent counsel." *Id.* at 1167 (citing *Venegas v. Mitchell,* 495 U.S. 82, 86 (1990)). "Reasonably competent counsel bill a reasonable number of hours." *Id.* at 1168. Conversely, "[r]easonably competent counsel do not bill hours that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* (citing *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)). A Court considering an award of fees and costs under section 1447(c) "must [also] take into consideration discounts commonly given to clients and an attorney's ability to collect fees from its client." *Id.* In this context it is worth noting that plaintiff John Birke's LinkedIn Profile lists him as an attorney in the Law Office of Michael R. Sohigian.

"[A] reasonable attorney fee is the fee that would be charged by reasonably competent counsel, not counsel of unusual skill and experience." *Id.* at 1169. In other words, it matters not what the attorney regularly bills per hour for his or her time. The fees capable of being collected are those corresponding to the degree of skill reasonably needed *to perform the work in question.* Finally, the "reasonable rate is based on rates charged in the local legal community as a whole, not particular segments

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 20 -

**OPPOSITION TO MOTION TO REMAND CASE TO SUPERIOR COURT**

of the bar." *Id.* at 1169. Put another way, rates charged by specialists are irrelevant.

Looking up the law relating to removal and remand and drafting a motion to remand of the kind and quality drafted by Birke's counsel here is not complicated and does not require any great skill or training. Birke's motion simply recites standard authority relating to removal and remand, easily found in practice books. Further, his argument merely refers to the allegations in his complaint and standard case law, and the motion is only 10 and ½ pages long. A reasonable hourly rate for such work is accordingly far less than $550.00 per hour, and appropriately capped at $250.00 per hour. In addition, 15 hours to research the law and draft the motion is clearly excessive. A reasonable amount of time to undertake those tasks is approximately half that time, at best. Should the Court be inclined to award fees, it should accordingly limit its award to no more than **$1,875.00** ($250.00 x 7.5 hours = $1,875.00].

## IV.   CONCLUSION

For the reasons set forth above, there is no avenue for Birke to recover in this suit against Renderos based on the allegations of the Complaint. Nor does Birke's Motion to Remand offer one. Accordingly, Renderos is a sham defendant, fraudulently joined, and removal was therefore proper. Birke's motion to remand and request for costs and fees must both be denied.

Dated: October 26, 2020                    THARPE & HOWELL, LLP

                                           By: ___*/s/ Stephanie Forman*___
                                               STEPHANIE FORMAN
                                               CHARLES D. MAY
                                               ROGER W. BACKLAR
                                               ERIC B. KUNKEL
                                               Attorneys for Defendants,
                                               LOWE'S HOME CENTERS, LLC,
                                               MARVIN R. ELLISON, and LEVI
                                               RENDEROS

I:\31000-000\31614\Pleadings\FEDERAL\Plaintiff's Motion to Remand\Opp Mtn to Remand - Final.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221